KATHRYN KENEALLY
Assistant Attorney General

ANNE E. NELSON (AZ Bar # 028069)
NITHYA SENRA (CA Bar # 291803)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 514-6632
             (202) 307-6570
Facsimile:   (202) 307-0054
E-mail:      anne.e.nelson@usdoj.gov
             nithya.senra@usdoj.gov

JOHN S. LEONARDO
United States Attorney
District of Arizona
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Michael A. Bigley; Carolyn E. Bigley; Robert B. Kelso; Raeola D. Kelso; and ISA Ministries;<br><br>    Defendants. | Case No.<br><br>**COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS** |

The United States of America, by and through its undersigned counsel, hereby alleges as follows:

1

## CAUSE OF ACTION

1. This is a civil action brought by the United States to reduce the outstanding federal tax liabilities assessed against defendants Michael A. Bigley and Carolyn E. Bigley to judgment and to foreclose federal tax liens on real property.

## AUTHORIZATION FOR SUIT

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of Treasury.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4. Venue for this action is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax assessments at issue accrued within this judicial district and because the property sought to be foreclosed is located in this district.

## IDENTIFICATION OF DEFENDANTS

5. Defendants, taxpayers, Michael and Carolyn Bigley are husband and wife and reside within the jurisdiction of this Court.

6. Defendants Robert and Raeola Kelso are made parties pursuant to 26 U.S.C. § 7403(b) because they presently hold title to the real property at issue in this action. Upon information and belief, however, Robert and Raeola Kelso, are in fact the

mere nominee or alter ego of defendants Michael and Carolyn Bigley, who have now and have at all relevant times been the actual beneficial owners of the real property at issue. Upon information and belief, Robert and Raeola Kelso reside in the District of Idaho.

7. Upon information and belief, defendant Michael A. Bigley is the principal of ISA Ministries, an unincorporated entity. ISA Ministries is made a party pursuant to 26 U.S.C. § 7403(b) because it may claim some right, title, or interest in the real property at issue. Upon information and belief, however, ISA Ministries is in fact the mere nominee or alter ego of defendants Michael and Carolyn Bigley, who have now and have at all relevant times been the actual beneficial owner of the real property at issue.

## REAL PROPERTY SOUGHT TO BE FORECLOSED

8. The real property that is the subject of this foreclosure action is commonly referred to as 3115 E. Park Avenue, Gilbert, Arizona 85234 (hereinafter the "real property at issue") and is more particularly described as follows:

> Lot 195, of HIGLEY GROVES WEST AT MORRISON RANCH, according to the plat of record in the office of the county Recorder of Maricopa County, Arizona recorded in Book 510 of Maps, Page 15.

9. On May 17, 2002, Michael and Carolyn Bigley acquired title to the real property at issue as community property with rights of survivorship via a corporate special deed from Greystone Homes, Inc. The Corporate Special Deed was recorded with the Maricopa County Recorder's Office on May 23, 2002. A Deed of Trust in favor of Universal American Mortgage Company was recorded on May 23, 2002. The mortgage was refinanced by Washington Mutual Bank, NA on March 25, 2003. A Deed

3

of Release and Reconveyance for the Universal American Mortgage Company mortgage was signed on March 27, 2003.  A Deed of Reconveyance for the Washington Mutual Bank, NA mortgage was signed by JPMorgan Chase Bank, NA on May 14, 2009.

10. On May 2, 2008, Michael and Carolyn Bigley purported to transfer title to the real property at issue to ISA Ministries via a quitclaim deed.  The transfer claimed an exemption pursuant to Arizona Revised Statute § 11-1134(a)(7), which indicates that the transfer was "a deed of gift."  The deed was recorded in the Maricopa County Recorder's Office on May 8, 2008.

11. On May 15, 2009, ISA Ministries purported to transfer title to the real property at issue to Robert and Raeola Kelso via a corporate special deed.  The deed was recorded in the Maricopa County Recorder's Office on June 15, 2009.  A deed of trust in favor of ISA Ministries was recorded on June 15, 2009.

**RECORDED TAX LIENS**

12. On December 1, 2009, the IRS recorded with the Maricopa County Recorder's Office a Notice of Federal Tax Lien against Michael A. Bigley with respect to his outstanding federal income tax for tax year 2005, and with respect to civil penalties assessed against him for the 2005 and 2006 tax years.

13. On June 22, 2010, the IRS recorded with the Maricopa County Recorder's Office a Notice of Federal Tax Lien against Carolyn E. Bigley with respect to civil penalties assessed against her for the 2004, 2005 and 2006 tax years.

14. On August 3, 2010, the IRS recorded with the Maricopa County Recorder's Office a Notice of Federal Tax Lien against Michael A. Bigley with respect to his outstanding federal income taxes for tax year 2006.

15. On November 16, 2010, the IRS recorded with the Maricopa County Recorder's Office a Notice of Federal Tax Lien against Michael A. Bigley with respect to his outstanding federal income taxes for tax year 2004, and for civil penalties assessed against him for the 2006 and 2007 tax years.

16. On December 6, 2011, the IRS recorded with the Maricopa County Recorder's a Notice of Federal Tax Lien against ISA Ministries as nominee and/or alter ego of Michael A. Bigley with respect to the outstanding federal income tax liabilities of Michael A. Bigley for assessments made against him for the 2004 through 2006 tax years, and with respect to civil penalties assessed against Michael A. Bigley for the 2005 through 2007 tax years.

17. On December 6, 2011, the IRS recorded with the Maricopa County Recorder's a Notice of Federal Tax Lien against ISA Ministries as nominee and/or alter ego of Carolyn E. Bigley with respect to the outstanding federal income tax liabilities of Carolyn E. Bigley for assessments made against her for the 2004, 2005 and 2006 tax years.

18. On December 6, 2011, the IRS recorded with the Maricopa County Recorder's a Notice of Federal Tax Lien against Robert B. Kelso and Raeola D. Kelso as nominees and/or alter egos of Michael A. Bigley with respect to the outstanding federal

5

income tax liabilities of Michael A. Bigley for assessments made against him for the 2004 through 2006 tax years, and for civil penalties assessed against him for the 2005 through 2007 tax years.

19. On December 6, 2011, the IRS recorded with the Maricopa County Recorder's a Notice of Federal Tax Lien against Robert B. Kelso and Raeola D. Kelso as nominees and/or alter egos of Carolyn E. Bigley with respect to the outstanding federal income tax liabilities of Carolyn E. Bigley for assessments made against her for the 2004, 2005, and 2006 tax years.

20. On April 26, 2012, the IRS recorded with the Maricopa County Recorder's Office a Notice of Federal Tax Lien against Carolyn E. Bigley with respect to civil penalties assessed against her for the 2004 tax year.

**FIRST CLAIM FOR RELIEF:
TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT**

21. The United States incorporates by reference the allegations contained in paragraphs one (1) through twenty (20) as if fully set forth herein.

22. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely federal tax assessments against Michael A. Bigley for the following federal income tax, penalties, and other statutory additions:

//

| Type of Tax | Tax Period | Assessment Date | Assessment Amount[1] | Total Balance as of 4/30/2014 (including accruals) |
|---|---|---|---|---|
| Income (1040) | 2004 | 08/09/2010<br>08/09/2010<br>08/09/2010<br>08/09/2010<br>08/09/2010<br>08/09/2010 | P3  $ 4,288.67<br>P5  $ 5,000.00<br>P1  $    858.54<br>P2  $ 6,654.83<br>T   $29,577.00<br>I   $14,010.98 | $ 71,239.56 |
| Income (1040) | 2005 | 08/10/2009<br>08/10/2009<br>08/10/2009<br>08/10/2009<br>08/10/2009 | P1  $ 1,718.54<br>P2  $ 9,639.90<br>T   $42,884.00<br>I   $13,023.06<br>P3  $ 8,568.80 | $ 93,277.91 |
| Income (1040) | 2006 | 06/21/2010<br>06/21/2010<br>06/21/2010<br>06/21/2010<br>06/21/2010 | P1  $    286.86<br>P2  $ 1,561.50<br>T   $14,842.00<br>I   $ 1,658.93<br>P3  $ 1,353.30<br>F   $       16.00 | $14,166.91 |
| Civil Penalty §6702 | 2005 | 07/07/2008 | P6  $15,000.00 | $ 18,579.80 |
| Civil Penalty §6702 | 2006 | 03/10/2008<br>04/26/2010 | P6  $ 5,000.00<br>P6  $ 5,000.00<br>F   $       16.00 | $ 12,041.97 |
| Civil Penalty §6702 | 2007 | 10/04/2010 | P6  $ 5,000.00 | $ 5,606.63 |
| **Total Balance** | | | | $ 214,912.78 |

---

[1] T—tax; P1—estimated tax penalty, 26 U.S.C. § 6654; P2—late filing penalty, 26 U.S.C. § 6651(a)(1); P3—failure to pay tax penalty, 26 U.S.C. § 6651(a)(2); P4—accuracy related penalty, 26 U.S.C. § 6662; P5 tax court sanction penalty, 26 U.S.C. § 6673;  P6 Civil Penalty for Frivolous Filing, 26 U.S.C. § 6702; I—interest; F-fees and collection costs

23. Timely notice of the assessments set forth in paragraph twenty-two (22) above, has been given and demand for payment has been made upon Michael A. Bigley as required by 26 U.S.C. § 6303.

24. Despite notice and demand for payment of the assessments set forth in paragraph twenty-two (22) above, defendant Michael A. Bigley has neglected, refused, or failed to make payment of the assessed amount to the United States, and there remains due and owing to the United States on those assessments the total sum of $ 214,912.78 plus statutory interest and other additions as provided by law.

25. Michael A. Bigley petitioned the United States Tax Court to contest the merits of the notice of deficiency by the IRS for the 2004 tax year. The Tax Court issued a decision in favor of the IRS, sustaining the deficiency determinations for the 2004 tax year, and additionally sanctioned Michael A. Bigley for filing frivolous submissions with the Tax Court.

26. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely federal tax assessments against Carolyn E. Bigley for the following civil penalties, and other statutory additions:

//

//

//

| Type of Tax | Tax Period | Assessment Date | Assessment Amount[2] | Total Balance as of 4/30/2014 (including accruals) |
|---|---|---|---|---|
| Civil Penalty §6702 | 2004 | 05/19/2008 06/02/2008 | P6 $ 5,000.00<br>I  $     11.49<br>F  $     16.00<br>F  $     32.00<br>F  $     16.00 | $ 6,242.02 |
| Civil Penalty §6702 | 2005 | 07/07/2008 | P6 $10,000.00 | $ 12,386.54 |
| Civil Penalty § 6702 | 2006 | 06/23/2008 | P6 $ 5,000.00 | $ 6,206.31 |
| **Total Balance** | | | | $24,834.87 |

27.   Timely notice of the assessments set forth in paragraph twenty-six (26) above, has been given and demand for payment has been made upon Carolyn E. Bigley as required by 26 U.S.C. § 6303.

28.   Despite notice and demand for payment of the assessments set forth in paragraph twenty-six (26) above, defendant Carolyn E. Bigley has neglected, refused, or failed to make payment of the assessed amount to the United States, and there remains due and owing to the United States on those assessments the total sum of $ 24,834.87 plus statutory interest and other additions as provided by law.

---

[2] T—tax; P1—estimated tax penalty, 26 U.S.C. § 6654; P2—late filing penalty, 26 U.S.C. § 6651(a)(1); P3—failure to pay tax penalty, 26 U.S.C. § 6651(a)(2); P4—accuracy related penalty, 26 U.S.C. § 6662; P5 tax court sanction penalty, 26 U.S.C. § 6673; P6 Civil Penalty for Frivolous Filing, 26 U.S.C. § 6702; I—interest; F-fees and collection costs

## SECOND CLAIM FOR RELIEF:
## ROBERT B. KELSO AND RAEOLA D. KELSO, AND ISA MINISTRIES ARE THE NOMINEE OR ALTER EGO OF MICHAEL & CAROLYN BIGLEY,

29. By this reference, the United States realleges and incorporates the allegations contained in paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30. Upon information and belief, Michael Bigley is the managing director of ISA Ministries. Further, upon information and belief Michael Bigley opened a bank account for ISA Ministries on or about November 30, 2007, and listed the real property at issue as the account address. Moreover, on November 27, 2007, Michael Bigley applied for an Employer Identification Number for ISA Ministries.

31. Upon information and belief, both Michael and Carolyn Bigley had access to the ISA Ministries checking account and regularly accessed it to pay their personal expenses.

32. Michael and Carolyn Bigley purported to transfer legal title to the real property at issue via Quitclaim Deed to ISA ministries for no consideration on May 2, 2008.

33. The purported transfer to ISA Ministries occurred after Michael and Carolyn Bigley knew or should have known of their substantial federal income tax liabilities for the 2004 through 2007 tax years.

34. Despite the purported transfer, Michael and Carolyn Bigley at all relevant times occupied the real property at issue and enjoyed all the incident benefits of

ownership. Upon information and belief, Michael and Carolyn Bigley continue to reside in the home and use it as their personal residence.

35. Moreover, at all relevant times, Michael and Carolyn Bigley bore the burdens of ownership of the real property at issue.

36. ISA Ministries does not have, nor has it ever had, any ownership or other controlling interest in the real property at issue. ISA Ministries is a mere nominee or alter ego of Michael and Carolyn Bigley with respect to the title and ownership of the real property at issue.

37. ISA Ministries purported to transfer title to the real property at issue on May 15, 2009, to Robert and Raeola Kelso via a corporate special deed.

38. Upon information and belief Robert and Raeola Kelso are related to Michael and Carolyn Bigley. Raeola Kelso is Michael Bigley's sister.

### THIRD CLAIM FOR RELIEF:
### FRAUDULENT TRANSFER AGAINST ISA MINISTRIES AND ROBERT B. KELSO AND RAEOLA D. KELSO

39. By this reference, the United States realleges and incorporates the allegations contained in paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. On May 2, 2008, Michael and Carolyn Bigley purported to transfer the real property at issue via Quitclaim Deed to ISA Ministries for no consideration.

41. The purported transfer, as described in paragraph ten (10) above, was made with the intent to hinder, delay, or defraud the present and future creditors of Michael and

Carolyn Bigley, including the United States for its unpaid federal income taxes for the tax years 2004, 2005, 2006, and 2007.  Additionally, Michael and Carolyn Bigley made the transfer without receiving reasonably equivalent value in exchange for the property and Michael and Carolyn Bigley should have believed they would incur debts beyond their ability to pay as they became due.  Such transfer is therefore of no effect as to the United States under the provisions of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3301, *et seq.*, and under the Arizona Uniform Fraudulent Transfer Act, Ariz. Rev. Stat. § §§ 44-1001, *et seq.*

42.    The transfer of the subject property from Michael and Carolyn Bigley to ISA Ministries was a transfer to insiders of ISA Ministries.  Upon information and belief, at the time of the transfer Michael Bigley was the managing director of ISA Ministries.  Moreover, upon information and belief, both Michael and Carolyn Bigley had access to ISA Ministries bank accounts and used them for their personal use.

43.    The purported transfer, as described in paragraph ten (10) above, occurred while Michael and Carolyn Bigley knew or should have known of its unpaid federal tax debts.

44.    The transfer of the real property in interest represented substantially all of Michael and Carolyn Bigley's assets.

45.    Michael and Carolyn Bigley did not receive reasonably equivalent value in exchange for the property transferred to ISA Ministries.

12

46. After the transfer, as described in paragraph ten (10) above, occurred Michael and Carolyn Bigley retained possession or control of the property.

47. On May 15, 2009, ISA Ministries purported to transfer the real property at issue via Corporate Special Deed to Robert and Raeola Kelso.

48. The purported transfer, as described in paragraph eleven (11) above, was made with the intent to hinder, delay, or defraud the present and future creditors of Michael and Carolyn Bigley, including the United States for its unpaid federal income taxes for the tax years 2004, 2005, 2006, and 2007. Such transfer is therefore of no effect as to the United States under the provisions of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3301, *et seq.*, and under the Arizona Uniform Fraudulent Transfer Act, Ariz. Rev. Stat. § §§ 44-1001, *et seq.*

49. The transfer from ISA Ministries to Robert and Raeola Kelso was a transfer to insiders of ISA Ministries. Upon information and belief Robert and Raeola Kelso are related to ISA Ministries managing director, Michael Bigley.

50. Michael and Carolyn Bigley retained possession and control of the real property at issue after the transfer from ISA Ministries to Robert and Raeola Kelso.

51. The transfer of the subject property from ISA Ministries to Robert and Raeola Kelso was an effort by the taxpayers Michael and Carolyn Bigley to conceal assets from creditors such as the United States.

52.     ISA Ministries did not receive reasonably equivalent value in exchange for the property transferred to Robert and Raeola Kelso.

### FOURTH CLAIM FOR RELIEF:
### TO FORECLOSE FEDERAL TAX LIENS ENCUMBERING THE REAL PROPERTY AT ISSUE

53.     The United States reasserts the allegations made in paragraphs one (1) through fifty-two (52) as if fully set forth herein.

54.     Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property or rights to property, whether real or personal, belonging to Michael and Carolyn Bigley as of the dates of all of the assessments described in paragraphs twenty-two (22) and twenty-six (26) above, including the real property at issue.  In addition, said liens immediately attached to all after-acquired property or rights to property.

55.     In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien relating to the assessments described in paragraphs twenty-two (22) and twenty-six (26) above, were duly filed and recorded at the Maricopa County Recorder's Office.

56.     In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien relating to the assessments described in paragraphs twenty-two (22) and twenty-six (26) above, were duly filed against ISA Ministries as the nominee, alter ego, and/or transferee of Defendants Michael and Carolyn Bigley and recorded at the Maricopa County Recorder's Office.

57. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien relating to the assessments described in paragraphs twenty-two (22) and twenty-six (26) above, were duly filed against Robert and Raeola Kelso as the nominees, alter egos, and/or transferees of Defendants Michael and Carolyn Bigley and recorded at the Maricopa County Recorder's Office.

58. The tax liens arising from the assessments described in paragraphs twenty-two (22) and twenty-six (26) continue to attach to the real property at issue.

59. The tax liens arising from the assessments described in paragraphs twenty-two (22) and twenty-six (26) have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

60. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the real property at issue to enforce its tax liens.

//

//

WHEREFORE, Plaintiff, the United States of America, prays as follows:

A. That this Court determine and adjudge that Defendant Michael A. Bigley is indebted to the United States in the amount of $ 214,912.78, less any additional credits

15

according to proof, plus interest and other statutory additions, as provided by law, that have accrued since April 30, 2014, and that judgment in that amount be entered against Michael A. Bigley and in favor of the United States;

  B. That this Court determine and adjudge that Defendant Carolyn E. Bigley is indebted to the United States in the amount of $ 24,834.87, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since April 30, 2014, and that judgment in that amount be entered against Carolyn E. Bigley and in favor of the United States;

  C. That this Court determine and adjudge that ISA Ministries is a nominee or alter ego of Michael and Carolyn Bigley with respect to the real property at issue, and that ISA Ministries has no interest in the real property at issue that is superior to that of the United States;

  D. That this Court determine and adjudge that Robert and Raeola Kelso are nominees or alter egos of Michael and Carolyn Bigley with respect to the real property at issue, and that Robert and Raeola Kelso have no interest in the real property at issue that is superior to that of the United States;

  E. That this Court determine, adjudge, and decree that the purported conveyance or transfer of the real property at issue from Michael and Carolyn Bigley to ISA Ministries, as described in paragraph ten (10) above, was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that it be set aside;

F.	That this Court determine, adjudge, and decree that the purported conveyance or transfer of the real property at issue from ISA Ministries to Robert and Raeola Kelso, as described in paragraph eleven (11) above, was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that it be set aside;

G.	That this Court determine the validity and priority of all liens on and other interests in the real property at issue and order that the proceeds from any judicial sale of such property be distributed accordingly; and

H.	That the United States be granted its costs incurred in bringing this action, and such other and further relief as this Court deems just and proper.

DATED this 8th day of April, 2014.

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

*s/ Anne E. Nelson*
ANNE E. NELSON (AZ Bar # 028069)
NITHYA SENRA (CA Bar # 291803)
Trial Attorneys, Tax Division
U.S. Department of Justice

*Attorneys for the United States of America*