WO                     IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| MICHAEL A. BIGLEY, et al.,  ) | |
| )   No. 2:14-cv-0729-HRH | |
| Defendants.  ) | |
| _____ ) | |

O R D E R

Motions to Dismiss;
Motions for Protective Order, Joinder and Sanctions

The Bigley and Kelso defendants move to dismiss plaintiff's complaint.[1]  These

motions are opposed.[2]  The Bigley defendants also move for a protective order, for joinder,

and for Rule 11 Sanctions.[3]  These motions are opposed.[4]  Oral argument has not been

requested on any of the pending motions and is not deemed necessary.

---

[1]Docket Nos. 20 & 21.

[2]Docket Nos. 23 & 28.

[3]Docket Nos. 26 & 27.

[4]Docket Nos. 30 & 31.

Facts

Plaintiff is the United States of America.  Defendants are Michael A. Bigley, Carolyn E. Bigley, Robert B. Kelso, Raeola D. Kelso, and ISA Ministries.  The Bigley defendants and the Kelso defendants are proceeding pro se.

Plaintiff has brought this action "to reduce the outstanding federal tax liabilities assessed against [the Bigley defendants] to judgment and to foreclose federal tax liens on real property."[5]  "This action [has been] commenced pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal Revenue Service (IRS)[.]"[6]

Plaintiff alleges that on May 17, 2002, the Bigleys acquired title to real property that is commonly referred to as 3115 E. Park Avenue, Gilbert, Arizona.[7]  Plaintiff further alleges that "[o]n May 2, 2008," the Bigleys "purported to transfer title to the real property at issue to ISA Ministries via a quitclaim deed."[8]  Plaintiff alleges that "[t]he transfer claimed exemption pursuant to Arizona Revised Statute § 11-1134(a)(7), which indicates that the

---

[5]Complaint [etc.] at 2, ¶ 1.

[6]Id. at ¶ 2.

[7]Id. at 3, ¶¶ 8-9.

[8]Id. at 4, ¶ 10.

transfer was 'a deed of gift.'"[9]   Plaintiff further alleges that "[o]n May 15, 2009, ISA Ministries purported to transfer title to the real property at issue to" the Kelso defendants "via a corporate special deed."[10]   Plaintiff alleges that the Kelso defendants and ISA Ministries are "mere nominee[s] or alter ego[s]" of the Bigley defendants "who have now and have at all relevant times been the actual beneficial owners of the real property at issue."[11]

Plaintiff alleges that in 2009 and 2010, the IRS recorded tax liens against Mr. Bigley for tax years 2004, 2005, 2006, and 2007.[12]   Plaintiff alleges that in 2010, the IRS recorded tax liens against Mrs. Bigley for tax years 2004, 2005, and 2006.[13]   And, plaintiff alleges that in 2011, the IRS recorded tax liens against ISA Ministries and the Kelsos as the nominees and/or alter egos of the Bigleys.[14]

In its first claim for relief, plaintiff seeks to reduce federal tax assessments to judgment.   Plaintiff alleges that taxes and penalties of $214,912.78 have been assessed

---

[9]Id.

[10]Id. at ¶ 11.

[11]Id. at 3, ¶¶ 6-7.

[12]Id. at 4-5, ¶¶ 12, 14 & 15.

[13]Id. at 4, ¶ 13 & 6, ¶ 20.

[14]Id. at 5-6, ¶¶ 16-19.

against Mr. Bigley.[15]  Plaintiff alleges that it has given Mr. Bigley timely notice of these

assessments and has made a demand for payment, but that Mr. Bigley "has neglected,

refused, or failed to make payment of the assessed amount...."[16]  Plaintiff further alleges

that Mr. Bigley "petitioned the United States Tax Court to contest the merits of the notice

of deficiency by the IRS for the 2004 tax year.  The Tax Court issued a decision in favor of

the IRS, sustaining the deficiency determinations for the 2004 tax year, and additionally

sanctioned [Mr.] Bigley for filing frivolous submissions with the Tax Court."[17]  Plaintiff also

alleges that $24,834.87 in taxes and penalties have been assessed against Mrs. Bigley.[18]

Plaintiff alleges that it has given Mrs. Bigley timely notice of these assessments and has

made a demand for payment, but that Mrs. Bigley "has neglected, refused, or failed to

make payment of the assessed amount...."[19]

        In its second claim for relief, plaintiff seeks a determination that the Kelsos and ISA

Ministries were the nominees or alter egos of the Bigleys.  Plaintiff alleges that Mr. Bigley

opened a bank account for ISA Ministries in November 2007 and listed the Gilbert address

as the account address and that the Bigleys "had access to the ISA Ministries checking

---

[15]Id. at 6-7, ¶ 22.

[16]Id. at 8, ¶¶ 23-24.

[17]Id. at ¶ 25.

[18]Id. at 8-9, ¶ 26.

[19]Id. at ¶¶ 27-28.

account and regularly accessed it to pay their personal expenses."[20] Plaintiff further alleges that the Kelsos are related to the Bigleys because Mrs. Kelso is Mr. Bigley's sister.[21]

In its third claim for relief, plaintiff asserts a fraudulent transfer claim against the Bigleys, alleging that the transfers to both ISA Ministries and the Kelsos were fraudulent.

In its fourth claim for relief, plaintiff seeks to foreclose the federal tax liens encumbering the real property at issue.  Plaintiff alleges that "[u]nder 26 U.S.C. § 7403(c), [it] is entitled to a decree of sale of the real property at issue to enforce its tax liens."[22]

The Bigley defendants and the Kelso defendants now move to dismiss plaintiff's complaint.  The Bigley defendants also move for a protective order, to join KLA-Tencor and Ameriplan as parties, and for Rule 11 Sanctions.

## Bigley Defendants' Motion to Dismiss

The Bigleys argue that this court lacks subject matter jurisdiction.  "Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways."  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).  "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035,

---

[20]Id. at 10, ¶¶ 30-31.

[21]Id. at 11, ¶ 38.

[22]Id. at 15, ¶ 60.

1039 (9th Cir. 2004)).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  Id.  "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings."  Id.  "When the defendant raises a factual attack, the plaintiff must support [its] jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context."  Id. (citation omitted).

Plaintiff alleges that the court "has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403."[23]  28 U.S.C. § 1340 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue[.]"  28 U.S.C. § 1345 provides, in pertinent part, that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]"  "Under 28 U.S.C. §§ 1340 and 1345, Federal District Courts have jurisdiction to enforce federal tax liens."  United States v. Sarman, 699 F.2d 469, 470 (9th Cir. 1983).  26 U.S.C. § 7402(a) provides that

---

[23]Id. at 2, ¶ 3.

> [t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

And, 26 U.S.C. § 7403 authorizes the Attorney General to file a civil action in district court "in any case where there has been a refusal or neglect to pay any tax" and gives the district court jurisdiction

> to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

Although all four of these provisions appear to give the court jurisdiction over this action to reduce federal tax assessments to judgment and to foreclose on the federal tax liens at issue, the Bigleys argue that any exercise of this jurisdiction would be premature because they have filed an appeal of the Tax Court decisions.[24]  Because they have filed an appeal, the Bigleys argue that the Tax Court's decisions are not final and thus not yet reviewable.

---

[24]Affidavit of Fact in Support of Motion to Dismiss at 2, ¶¶ 14-15; Letter from Michael A. Bigley (dated May 27, 2014), both attached to Defendants' Motion to Dismiss Complaint [etc.], Docket No. 21.

The Bigleys' argument is based on 26 U.S.C. § 6213, which sets out the procedures by which a taxpayer may petition the Tax Court after receiving a notice of deficiency. Section 6213 provides that "no levy or proceeding in court for [tax] collection shall be made, begun, or prosecuted ... until the decision of the Tax Court has become final." 26 U.S.C. § 6213(a). Pursuant to 26 U.S.C. § 7481, "a decision of the Tax Court becomes final in 90 days if it is not appealed." Abatti v. C.I.R., 86 T.C. 1319, 1323 (Tax Court 1986). If an appeal is taken, the decision of the Tax Court does not become final until no further appeals can be taken. 26 U.S.C. § 7481. In other words, "[w]hile the judicial review is taking place, the Commissioner must suspend his activities with respect to assessment and collection of the tax, but when those proceedings are completed, he may then proceed to assess and collect any tax found to be due." Id.

The Bigleys' reliance on Section 6213(a) and Abatti are misplaced because Section 6213 has no application here. Section 6213 sets forth the procedures that apply when a taxpayer files a petition with the Tax Court seeking a redetermination of the IRS's administrative determination that there is a tax deficiency.[25] Section 6213 proceedings are deficiency proceedings. Here, Mr. Bigley petitioned the United States Tax Court to contest the merits of the notice of deficiency by the IRS for the 2004 tax year. Bigley v. C.I.R., Case No. 14223–08, 2010 WL 610707 (T.C. Feb. 22, 2010). The Tax Court "sustained" the IRS'

---

[25]IRS Prac. & Proc. ¶ 10.03.

"deficiency determination" and "grant[ed the IRS's]  motion for a penalty and require[d Mr. Bigley] to pay a penalty to the United States pursuant to section 6673(a)(1) of $5,000." Id. at *2.  This order became final "on May 24, 2010."[26]  The IRS subsequently assessed the 2004 tax year deficiencies, additions to tax, and accrued interest and sent Mr. Bigley a Final Notice of Intent to Levy and Notice of Your Right to a Hearing as well as a lien notice.[27] Mr. Bigley then requested a collection due process (CDP) hearing to contest the proposed levy and requested a hearing in response to the lien notice.[28]  "A CDP hearing is a specific administrative procedure, set out in I.R.C. § 6330, through which taxpayers may challenge proposed collection actions brought by the IRS."  Golden v. C.I.R., 548 F.3d 487, 492 (6th Cir. 2008) (emphasis added).  The appeals that are currently pending involve the Tax Court decisions in Mr. Bigley's collection cases which were brought pursuant to "Section 6320 and/or 6330[.]"[29]

---

[26]Order and Decision at 2 in Tax Court Case No. 17747-12 L, Exhibit A, United States' Opposition to Michael and Carolyn Bigley's Rule 12(b)(1) Motion to Dismiss, Docket No. 28.

[27]Id.

[28]Id. at 2-3.  For tax years 2005 and 2006, Mr. Bigley never petitioned the Tax Court for a redetermination of the delinquency, but he did request a CDP hearing after he received a levy notice.  See Order and Decision at 2-3 in Tax Court Case No. 17529-12 L, Exhibit B, United States' Opposition to Michael and Carolyn Bigley's Rule 12(b)(1) Motion to Dismiss, Docket No. 28.

[29]Order and Decision  at 1 in Tax Court Case No. 17747-12 L, Exhibit A; Order and
(continued...)

Although Section 6213 has no application here because Mr. Bigley's pending appeals involve his <u>collection</u> cases, and not a <u>deficiency</u> proceeding, Section 6330, which applies to collection cases, also contains a suspension clause.  While a CDP hearing and any appeals thereof are pending, "the levy actions which are the subject of the requested hearing and the running of [certain] period of limitations [are] suspended."  26 U.S.C. § 6330(e)(1); <u>see also</u>, 26 C.F.R. § 301.6330-1(g) ("the periods of limitation under section 6502 (relating to collection after assessment) ... are suspended until ... the determination resulting from the CDP hearing becomes final by expiration of the time for seeking judicial review or the exhaustion of any rights to appeals following judicial review").

However,

> The IRS ... may levy for other taxes and periods not covered by the CDP Notice if the CDP requirements under section 6330 for those taxes and periods have been satisfied. The IRS also may file NFTLs [notice for tax liens] for tax periods and taxes, whether or not covered by the CDP Notice issued under section 6330, and <u>may take other non-levy collection actions such as initiating judicial proceedings to collect the tax shown on the CDP Notice</u> or offsetting overpayments from other periods, or of other taxes, against the tax shown on the CDP Notice.

26 C.F.R. § 301.6330-1(g)(2) Q&A G-3 (emphasis added).  The instant suit is a "non-levy collection action" brought pursuant to 26 U.S.C. § 7203(a) and thus the fact that Mr. Bigley

---

[29](...continued)
Decision at 1 in Tax Court Case No. 17529-12 L, Exhibit B; United States' Opposition to Michael and Carolyn Bigley's Rule 12(b)(1) Motion to Dismiss, Docket No. 28.

is appealing decisions that the Tax Court made during his CDP hearings is irrelevant to the question of whether this court has jurisdiction.

"The Internal Revenue Code provides two principal" ways for the IRS "to enforce collection of ... unpaid taxes." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 720 (1985). "The first is the lien-foreclosure suit" brought pursuant to 26 U.S.C. § 7403(a). Id. "The second tool is the collection of the unpaid tax by administrative levy[,]" which is governed by § 6331(a). There are some fundamental differences between these two methods of enforcing a lien. In a lien-foreclosure suit, the court must determine priority disputes between the Government and other claimants, while "an administrative levy does not determine priority disputes between the Government and other claimants[.]" United States v. Triangle Oil, 277 F.3d 1251, 1255 (10th Cir. 2002). In addition "an administrative levy does not 'transfer ownership of the property to the IRS.'" Id. (quoting United States v. Whiting Pools, Inc., 462 U.S. 198, 209–10 (1983)); see also, United States v. Hemmen, 51 F.3d 883, 887 (9th Cir. 1995) ("Unlike a foreclosure action, the levy is essentially a provisional, administrative procedure"). Because this is a lien-foreclosure suit, not an administrative levy action, the suspension clause in Section 6330(e) has no application. See United States v. Zurn, Case Nos. 09- 55805, 09–55807, 2011 WL 1762711, at *1 (9th Cir. May 10, 2011) ("§ 6330(e) only applies to administrative tax levy proceedings, not lien-foreclosure suits such as the one challenged here); Iantosca v. Benistar Admin Services,

Inc., Case No. 08–11785–NMG, 2012 WL 531013, at *12 (D. Mass. Feb. 17, 2012) ("Clearly, a request for a CDP hearing requires only that the government suspend levy actions, not lien-foreclosure actions in which a defendant has a full opportunity to contest the merits of the underlying assessment").

While the Bigleys correctly point out that the IRS' interpretation of the regulation implementing Section 6330(e) provides that the IRS can only "levy for other taxes and periods not covered by the CDP Notice", 26 C.F.R. § 301.6330-1(g)(2) Q&A G-3, that does not mean that the instant action was premature. The Bigleys seize on this language to argue that plaintiff can only bring a judicial action "for other taxes and periods not covered by the CDP Notice." But, the Bigleys are ignoring the difference between an administrative levy action and a judicial lien-foreclosure action. Section 6330(e) only applies to administrative levies and only places limits on the ability of plaintiff to pursue administrative action. Section 6330(e) simply has no application to a judicial lien-foreclosure action such as this. The court has subject matter jurisdiction over this judicial lien-foreclosure action, and thus the Bigleys' motion to dismiss is denied.

Kelso Defendants' Motion to Dismiss

The Kelso defendants move to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. "Rule 12(b)(6) authorizes courts to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'" In re Rigel

-12-

Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Fed. R. Civ. P. 12(b)(6)).  "To avoid dismissal, the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "'[A] plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'" OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)).  "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff."  Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012).

The Kelsos argue that plaintiff has failed to present any evidence to support the allegations in its complaint.  First, the Kelsos contend that plaintiff has not offered any evidence that the U.S. Attorney General directed that this action be commenced.  Although plaintiff has alleged that this action was "commenced ... at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal Revenue Service,"[30] the Kelsos complain that the complaint is not verified and that plaintiff has not offered any declarations or affidavits to support this allegation.

---

[30]Complaint [etc.] at 2, ¶ 2, Docket No. 1.

This argument fails.  Rule 11(a), Federal Rules of Civil Procedure, provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."  The Kelsos have not pointed to any rule or statute that would require that the complaint in this matter be verified or accompanied by an affidavit or declaration.

The Kelsos next argue that this court lacks subject matter jurisdiction.  This argument also fails.  As set out above, plaintiff has alleged that the court has jurisdiction under four different federal statutes.  These jurisdictional allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.

The Kelsos also appear to be arguing that they are not proper defendants.  Pursuant to 26 U.S.C. § 7403(b), in an action such as this to enforce a tax lien, "[a]ll persons having liens upon or claiming any interest in the property involved in [the] action shall be made parties thereto."  The Kelsos are alleged to have an interest in the Gilbert property and thus they are proper parties to this lawsuit.

The Kelsos next argue that plaintiff has not offered any evidence to support its allegation that the Kelsos took title to the property in question as either nominees or the alter ego of the Bigleys.  But, in deciding a Rule 12(b)(6) motion, the court's "review is limited to the contents of the complaint."  Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).  A Rule 12(b)(6) motion tests the adequacy of the plaintiff's pleading,

not the adequacy of the evidence.  In order to prevail, plaintiff will have to offer proof to

support its contention that the Kelsos are either nominees or the alter ego of the Bigleys.

But, in order to survive a Rule 12(b)(6) motion, plaintiff is only required to state a plausible

claim.

In order to state a plausible claim, plaintiff must allege sufficient factual support for

its claims.  "Property of the nominee or alter ego of a taxpayer is subject to the collection

of the taxpayer's tax liability."  <u>Shades Ridge Holding Co. v. United States</u>, 888 F.2d 725,

728–29 (11th Cir. 1989).  Factors courts consider when determining nominee status include:

> "(a) No consideration or inadequate consideration paid by the nominee;
>
> (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;
>
> (c) Close relationship between transferor and the nominee;
>
> (d) Failure to record conveyance;
>
> (e) Retention of possession by the transferor; and
>
> (f) Continued enjoyment by the transferor of benefits of the transferred property."

<u>United States v. Richardson</u>, Case No. CV–04–0739–PCT–DGC, 2006 WL 388347, at *6 (D.

Ariz. Nov. 21, 006) (quoting <u>Towe Antique Ford Foundation v. I.R.S., Dep't of Treasury,</u>

<u>U.S.</u>, 791 F. Supp. 1450, 1454 (D. Mont. 1992)).

> The Court may find that an entity is the alter ego of the taxpayer where:
>
> (1) the taxpayer treats the property as it belongs to him,
>
> (2) minimal or no consideration is paid by the entity in consideration for the property,
>
> (3) the taxpayer has expressed the intent to shelter the asset via the trust mechanisms,
>
> (4) the taxpayer maintains active or substantial control over the operations and decisions of the property,
>
> (5) a family or close relationship exists between the taxpayer and the holding entity[.]

United States v. Landsberger, Case No. 94–0883–PHX–SMM, 1997 WL 792506, at *6 (D. Ariz. Sept. 30, 1997) (internal citations omitted).

Plaintiff has alleged that the Bigleys have at all relevant times continued to occupy the property in question and "enjoy[] all the incident benefits of ownership."[31] Plaintiff also alleges that there is a close family relationship between the Kelsos and the Bigleys.[32] These are sufficient factual allegations to support plaintiff's claim that the Kelsos are nominees or the alter ego of the Bigleys.  Whether the Kelsos were, as they contend, innocent purchasers of the Gilbert property is a question for another day.

---

[31]Complaint [etc.] at 10-11, ¶ 34, Docket No. 1.

[32]Id. at 11, ¶ 38.

In sum, plaintiff has stated a plausible claim that the Kelsos are either nominees or the alter ego of the Bigleys.  The Kelsos' motion to dismiss is denied.

<u>Bigley Defendants' Motion for a Protective Order and Motion for Joinder</u>

The Bigley defendants move the court for a protective order to stop plaintiff from attempting to serve the Bigleys with documents that should be served upon ISA Ministries. The Bigleys contend that they have had nothing to do with ISA Ministries since November 2007, when Mr. Bigley "resigned from ISA Ministries" "other than as contributors" or as "recipients" of funds.[33]  The Bigleys contend that even though plaintiff has had the address for ISA Ministries, plaintiff attempted to serve the Bigleys with documents intended for ISA Ministries on July 2013, April 2014, June 2014, and July 2014.

The Bigleys' motion for a protective order is denied as moot.  As of August 2014, plaintiff has been serving ISA Ministries at a Roseville, California address[34] and plaintiff's counsel contends that plaintiff will continue to do so.

The Bigley defendants also move for an order requiring plaintiff to join as defendants in this matter KLA-Tencor and Ameriplan.  The Bigley defendants contend that these entities have mistakenly reported "non-taxable income" as "taxable income" for Mr.

_____

[33]Motion for Protective Order at 3, Docket No. 26.  ISA Ministries "was formed to provide help to other individuals who need financial support in their current situation in their  life which makes it not possible for them to meet their basic needs to survive."  <u>Id.</u> at 2.

[34]Certificate of Service, United States' Response [etc.], Docket No. 30.

Bigley.  The Bigley defendants contend that they have contacted these "payors" in an

attempt to get them to correct this problem, but that the "payors" have refused to make

any corrections.  The Bigley defendants argue that the "payors" should be added as

defendants to this action because the "payors" have submitted the information that plaintiff

has relied on in making its determinations as to Mr. Bigley's tax deficiencies.

Rules 19 and 20, Federal Rules of Civil Procedure, govern the joinder of parties.

Under Rule 19(a) ... a party is necessary if:

"(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

In re Icenhower, 757 F.3d 1044, 1052 (9th Cir. 2014) (quoting Fed. R. Civ. P. 19(a)).  The

"payors" are not necessary parties as complete relief can be afforded among the existing

parties.  If the court determines that the money Mr. Bigley received from the "payors" is

not "income", the court can afford Mr. Bigley relief.   The "payors" are also not necessary

parties because they do not have any interest in the property that is the subject of this lien-foreclosure suit.

Rule 20 governs permissive joinder and provides that

> [p]ersons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

However, "Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit." Moore v. Cooper, 127 F.R.D. 422 (D.D.C. 1989).

In sum, the "payors" are not necessary parties and the Bigleys may not rely on Rule 20 as a means to add defendants to this matter.   The Bigleys' motion for joinder is denied.

### Bigley Defendants' Motion for Sanctions

Pursuant to Rule 11, Federal Rules of Civil Procedure, the Bigleys move for an award of sanctions against plaintiff's attorneys.   Under Rule 11(c)(1), "the court may impose an appropriate sanction on any attorney" who violates Rule 11(b).   Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocat-

ing it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Bigleys contend that plaintiff's attorneys have violated all four subdivisions of Rule 11(b) because the instant action was filed while Mr. Bigley's appeals from the Tax Court were still pending and because plaintiff has been harassing them by attempting to serve them with pleadings and papers intended for ISA Ministries. As sanctions for this alleged improper behavior, the Bigleys seek monetary sanctions of $2500, the dismissal of the instant action with prejudice, the removal of all Notice of Federal Tax Liens from this court, and any other sanctions that the court deems appropriate.

The Bigleys' motion for Rule 11 sanctions is denied.  First, the Bigleys failed to comply with the Rule's safe harbor provision.  "[T]he Rule's safe harbor provision requires parties filing such motions to give the opposing party 21 days first to 'withdraw or otherwise correct' the offending paper."  Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005) (citation omitted).  The court must "enforce this safe harbor provision strictly."  Id.

The Bigleys contend that a May 27, 2014 letter that was sent to plaintiff's attorneys provided the requisite notice that the Bigleys would be seeking sanctions.  Because they did not file their motion for sanctions until August 6, 2014, the Bigleys contend that they complied with the safe harbor provision.

However, the May 27, 2014 letter does not mention Rule 11 or the safe harbor provision.  The May 27, 2014 letter does address the Bigleys' contention that the instant case was filed prematurely, but nothing in the letter would have put plaintiff's attorneys on notice that the Bigleys would be filing a Rule 11 motion if plaintiff did not withdraw its complaint.

The Bigleys ask the court to ignore their failure to comply with the safe harbor provision because they are proceeding pro se.  As the Bigleys point out, "'[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants[.]'" Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013).  "This rule relieves pro se litigants

from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." Id.

But even ignoring the Bigleys' failure to comply with the safe harbor provision, their motion for sanctions is still denied. As discussed in connection with the Bigleys' motion to dismiss, this action has not been filed prematurely. As for the Bigleys' contention that plaintiff or its attorneys were harassing them by attempting to serve them with pleadings or papers intended for ISA Ministries, plaintiff and its attorneys had reason to believe that ISA Ministries was using the same address as the Bigleys. In connection with the motion for a protective order, discussed above, plaintiff submitted bank records from 2011 which list the Gilbert, Arizona address for ISA Ministries as well as ISA Ministries checks that were signed by Mrs. Bigley in 2011.[35] This evidence does not bear out the Bigleys' contention that they have had nothing to do with ISA Ministries since 2007 other than as contributors or recipients of funds.

Plaintiff believes that the Bigleys are also basing their Rule 11 motion on a contention that Mr. Bigley has not refused or neglected to pay his tax liability. Mr. Bigley sent a "'Certified Promissory Money Note for $700,000'" to the IRS on April 1, 2013, which "the IRS could present to [Mr. Bigley] for payment with proof that certain demands had

---

[35]Exhibit A, United States' Response [etc.], Docket No. 30.

been met."[36]   Mr. Bigley appears to be contending that this is evidence that he has attempted to pay his tax liability.  Plaintiff believes that the Bigleys are suggesting that plaintiff is misrepresenting facts by contending to the contrary.  But, plaintiff argues that it is not misrepresenting the facts because payment for tax liability is limited to "any commercially acceptable means that the Secretary deems appropriate to the extent and under the conditions provided in regulations prescribed by the Secretary."  26 U.S.C. § 6311.  Plaintiff argues that the "Certified Promissory Money Note" that Mr. Bigley sent the IRS would not be considered an acceptable form of payment.  However, resolution of this issue is unnecessary at this time because the Bigleys indicate in their reply brief that this was not a basis for their Rule 11 motion.[37]

The court makes one final observation about the Bigleys' motion for sanctions.  The Bigleys contend that plaintiff has conceded a number of facts that the Bigleys laid out in their motion because plaintiff failed to respond to these facts.  But, plaintiff was not required to respond to the Bigleys' presentation of "facts", many of which were not actually facts but rather the Bigleys' opinion as to what specific actions or events meant.  Plaintiff was required to respond to the arguments that the Bigleys raised in their motion

---

[36]Order and Decision at 7 in Tax Court Case 17529-12 L, Exhibit B, United States' Opposition to Michael and Carolyn Bigley's Rule 12(b)(1) Motion to Dismiss, Docket No. 28.

[37]Judicial Notice at 13, Docket No. 33.

for sanctions, which plaintiff has done.  Plaintiff has conceded nothing by not responding to the Bigleys' "factual" presentation.

<u>Conclusion</u>

The Bigleys' and the Kelsos' motions to dismiss[38] are denied.  The Bigleys' motion for a protective order and motion for joinder[39] is denied.  The Bigleys' motion for Rule 11 sanctions[40] is denied.

DATED at Anchorage, Alaska, this 3rd day of December, 2014.

/s/ H. Russel Holland
United States District Judge

---

[38]Docket Nos. 20 & 21.

[39]Docket No. 26.

[40]Docket No. 27.