**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL A. BIGLEY; CAROLYN E. )<br>BIGLEY; ROBERT B. KELSO; RAEOLA D. )<br>KELSO; and ISA MINISTRIES, )<br>)<br>Defendants. )<br>_____ ) | No. 2:14-cv-0729-HRH |

O R D E R

Kelso Motion to Dismiss[1]

The Kelso defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The Kelso defendants argue that 26 U.S.C. § 7805 required the Secretary to enact regulations in furtherance of 26 U.S.C. §§ 7401 and 7403, upon which statutes (as well as others) this court's jurisdiction depends. The Kelso defendants then argue that the only regulations promulgated for purposes of implementing 26 U.S.C. §§ 7401, 7403, and 6321 (which makes provision for a lien for taxes due) are those regulations found in 27 C.F.R. pt. 70. The Kelso defendants argue that the plain language of 26 U.S.C. § 7805 requires implementing regulations for purposes of 26 U.S.C. §§ 7401, 7403, and 6321.

The provisions of 26 U.S.C. §§ 7401 and 7403, which form the basis for the bringing of plaintiff's complaint against the defendants are not in any way ambiguous. The Kelso

---

[1]Docket No. 36.

defendants do not suggest that these statutes are ambiguous.   The Kelso defendants misunderstand the thrust of 26 U.S.C. § 7805.   That statute provides that  "the Secretary shall prescribe all needful rules and regulations for the enforcement of this title...."   The critical, operative word in this statute is "needful."   Because 26 U.S.C. §§ 7401 and 7403 are clear and ambiguous, there is no need for any implementing regulation.

The regulations at 27 C.F.R. pt. 70 have absolutely nothing to do with this case in which the plaintiff seeks to collect income taxes due and enforce a lien for those taxes.

In briefing the instant motion, the Kelso defendants and counsel for the plaintiff have exchanged accusations.  Counsel for plaintiff accuses the Kelso defendants of making "frivolous tax-defier arguments."   The Kelso defendants accuse the United States of committing "fraud upon the court."   These accusations are not the least bit helpful to anyone, and they shall cease.

The Kelso defendants' motion to dismiss for lack of jurisdiction is denied.

DATED at Anchorage, Alaska, this  27th  day of February, 2015.


/s/ H. Russel Holland
United States District Judge