WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA, )
)
              Plaintiff, )
)
vs. )
)
MICHAEL A. BIGLEY; CAROLYN E. )
BIGLEY; ROBERT B. KELSO; RAEOLA D. )
KELSO; and ISA MINISTRIES, )
) No. 2:14-cv-0729-HRH
             Defendants. )
)

O R D E R

Bigley Motion to Dismiss[1]

The Bigley defendants move <u>pro se</u> to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The focus of the Bigley defendants' motion is 26 U.S.C. § 7403(a), which provides in pertinent part:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability....

The Bigley defendants argue that they have not refused or neglected to pay an alleged tax or discharge any liability. The Bigley defendants argue that showing of a refusal or neglect to pay taxes are prerequisite elements of § 7403. They are mistaken. Whether or not

---

[1]Docket No. 37.

Order – Bigley Motion to Dismiss                                                              - 1 -

plaintiff can establish a tax liability and the Bigley defendants' refusal or neglect to pay it goes to the merits of plaintiff's complaint, not this court's jurisdiction. As this court has already held in connection with the Bigley defendants' earlier motion to dismiss, this court has jurisdiction of plaintiff's complaint pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403. The court can and will take up the merits of plaintiff's complaint and address the question of whether or not there has been a refusal or neglect to pay a tax liability once the Bigley defendants have answered.

Directly related to the Bigley defendants' foregoing contention is their allegation that they paid any taxes owed to plaintiff by delivering to plaintiff a "Certified Promissory Money Note" in the amount of $700,000.00.[2] The parties disagree as to whether or not this tender had any legal effect. What is clear, however, is that there really is a dispute between plaintiff and the Bigley defendants as to whether or not they have refused or neglected to pay taxes owed to the Department of the Treasury. The parties' arguments about the efficacy of a promissory note which the Bigley defendants claim to have tendered in payment of taxes are not germane to the question of whether or not the court has jurisdiction to entertain plaintiff's complaint. None of these contentions demonstrate a lack of jurisdiction with respect to plaintiff's complaint in this case.

The Bigley defendants argue that:

> ...the only regulations that the Secretary promulgated for the enforcement of §§ 6321, 7401, and 7403 exist under 27 C.F.R., Part 70. The Plaintiff has not alleged any facts that the nature of the tax upon which the statutory lien arose under § 6321 was within the subject matter of 27 C.F.R., Part 70.[3]

Section 6321 makes provision for tax liens in favor of the United States. The tax lien statute has application to "any tax" which a taxpayer "neglects or refuses to pay."

---

[2] Affidavit of Facts in Support of Motion to Dismiss, ¶ 16 (page 10 of 12), Docket No. 37.

[3] Motion to Dismiss (page 4 of 12), Docket No. 37.

Section 7401 is not tax-specific, and § 7403 has application "in any case where there has been a refusal or neglect to pay any tax...." Plainly these statutes make provision for a federal tax lien and civil actions by the United States to recover taxes (in this case income taxes) owed and foreclose tax liens based upon its jurisdiction under 28 U.S.C. §§ 1340 and 1345.

The Bigley defendants argue that the taxes which plaintiff seeks in this case are not "within the subject matter of 27 C.F.R., Part 70."[4] In deed, the taxes which plaintiff seeks to collect are entirely unrelated to regulations found at 27 C.F.R., Part 70. Those regulations have absolutely nothing to do with this case. Likewise, plaintiff's efforts to enforce a tax lien have nothing to do with Title 27, Code of Federal Regulations. The Secretary of the Treasury does, of course, have the authority to promulgate regulations. 26 U.S.C. § 7805(a). But 26 U.S.C. §§ 6321, 7401, and 7403 are clear and unambiguous. There is no need for any regulations as a predicate to the application of those regulations.

Finally, in their reply the Bigley defendants raise a new argument. They contend that there is no competent evidence that plaintiff's complaint was authorized by the Secretary of the Treasury, or his delegate, and directed by the Attorney General, or his delegate. See 26 U.S.C. §§ 7401 and 7403. This new argument is procedurally defective because it was raised in defendants' reply, thereby depriving plaintiff an opportunity to respond to the argument. Moreover, this argument fails on the merits for purposes of the Bigley defendants' motion to dismiss because, in responding to the motion to dismiss, plaintiff volunteered Exhibits 1 and 2[5] which constitute prima facie evidence that the Secretary of the Treasury has authorized and the Attorney General has directed the commencement of this action. These exhibits appear regular on their face and have been

---

[4]Id.

[5]Response in Opposition to Bigleys' Rule 12(b)(1) Motion to Dismiss (pages 5 and 10 of 47), Docket No. 43-1.

Order – Bigley Motion to Dismiss                                                                                        - 3 -

authenticated by the declaration of plaintiff's attorney.[6] The redactions of which the Bigley defendants complain do not detract from the fact that these exhibits contain clear authorization and direction for the filing of this case. If, after defendants have answered and the court has entered a scheduling order, the Bigley defendants wish to inquire further into the authorization of this suit, they may do so in the course of discovery. For now, the court is satisfied that the Secretary has authorized and the Attorney General has directed the filing of this case.

The Bigley defendants' motion to dismiss is denied.

DATED at Anchorage, Alaska, this  27th  day of February, 2015.

/s/ H. Russel Holland
United States District Judge

---

[6] Docket No. 43-1 at 2.