WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                           Plaintiff,      )<br>                                                              )<br>     vs.                                                  )<br>                                                              )<br>MICHAEL A. BIGLEY; CAROLYN E.  )<br>BIGLEY; ROBERT B. KELSO; RAEOLA D. )<br>KELSO; and ISA MINISTRIES,           )<br>                                                              )<br>                           Defendants.    )<br>_____) | No. 2:14-cv-0729-HRH |

O R D E R

KLA-Tencor Motion to Dismiss[1]

KLA-Tencor Corporation ("KLA-Tencor") moves pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for the dismissal of Michael Bigley's third-party complaint.[2]  The motion is opposed.  Oral argument has not been requested and is not deemed necessary.

Mr. Bigley contends in a third-party complaint filed May 27, 2015, that KLA-Tencor fraudulently reported tax information to the plaintiff for income tax years 2004-2007.  Mr. Bigley appears to contend that KLA-Tencor should be held liable to him for the 2004-2007 income taxes claimed by plaintiff.  The merits of these claims are not before the court at this time.

---

[1]Docket No. 88.

[2]Docket No. 86.

Order – KLA-Tencor Motion to Dismiss                                                                              - 1 -

Mr. Bigley's third-party complaint is founded upon 26 U.S.C. § 7434(a), which creates a cause of action for civil damages for the fraudulent filing of information returns. Section 7434(c) creates a statute of limitations with respect to such claims. The statute provides:

> Notwithstanding any other provision of law, an action to enforce the liability created under this section may be brought without regard to the amount in controversy and may be brought only within the later of–
>
> (1) 6 years after the date of the filing of the fraudulent information return, or
>
> (2) 1 year after the date such fraudulent information return would have been discovered by exercise of reasonable care.

The Bigley third-party complaint alleges that Mr. Bigley performed services within the United States under contract with KLA-Tencor during the years 2004, 2005, 2006, and 2007.[3] It is further alleged that KLA-Tencor submitted financial information to plaintiff for each of the foregoing years and that no federal income taxes were withheld.[4] The third-party complaint alleges that in February 2005, February 2006, February 2007, and February 2008, third-party plaintiff Bigley received from KLA-Tencor 1099 and/or W-2 forms for the tax years 2004, 2005, 2006, and 2007.[5]

The court evaluates KLA-Tencor's motion to dismiss under guidance from <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In doing so, and for purposes of a Rule 12(b)(6) motion to dismiss, the court takes Mr. Bigley's well-pleaded facts as true.

---

[3] Docket No. 86 at 3.

[4] <u>Id.</u> at 5.

[5] <u>Id.</u> at 7-9, ¶¶ 53, 57, 61, and 68.

KLA-Tencor and Mr. Bigley disagree as to the application of Section 7434(c). KLA-Tencor contends that, on the facts set out above, Mr. Bigley's third-party complaint is time-barred. Mr. Bigley contends that he is entitled to the benefit of Section 7434(c)(2). He contends that clauses (1) and (2) of Section 7434(c) are triggered by different events. He correctly states that subsection (1) is triggered by the filing of information returns and that subsection (2) is triggered by the date by which a taxpayer would have reasonably discovered that a fraudulent information return had been filed. But Mr. Bigley goes astray as to the application of subsection (2). He ignores the date upon which he actually received the information returns which are claimed to be fraudulent. In his response to the KLA-Tencor motion to dismiss, Mr. Bigley contends that "[t]he fraudulent information returns were discovered by the exercise of reasonable care by [Mr. Bigley] and made known to the Defendant K-T in a letter dated June 9, 2014...."[6] This contention is implausible, contradicts facts alleged in the third-party complaint as set out above, and misconstrues Section 7434(c)(2).

It is implausible that Mr. Bigley did not take note of the information returns in February of 2005, 2006, 2007, and 2008 when they were received. The argument that he had no knowledge of the information returns until June of 2014 contradicts a fair inference that his receipt of the information returns is the equivalent of knowledge of them. More importantly, Section 7434(c)(2) requires the exercise of reasonable care in the discovery of the filing of information returns. Having received the information returns in February of 2005, 2006, 2007, and 2008, Mr. Bigley is charged with the

---

[6]Response in Opposition to KLA-Tencor's Motion to Dismiss at 14, Docket No. 98.

Order – KLA-Tencor Motion to Dismiss                                                          - 3 -

knowledge of what was contained in the information returns. If he truly failed to take note of those information returns, then plainly he failed to exercise reasonable care.

Pursuant to Section 7434(c), Mr. Bigley was obliged to file his third-party complaint against KLA-Tencor by the later of six years after the end of February of 2005, 2006, 2007, and 2008, in order to comply with subsection (c)(1). He did not do that. As to subsection (c)(2), one year from the date when in the exercise of reasonable care Mr. Bigley would have discovered the contents of the several information returns he received in February of 2005, 2006, 2007, and 2008, is not later than six years from the filing of those returns. Accordingly, Mr. Bigley's third-party complaint is time-barred.

KLA-Tencor's motion to dismiss as to the Bigley May 27, 2015, third-party complaint is granted.

DATED at Anchorage, Alaska, this  31st  day of July, 2015.

/s/ H. Russel Holland
United States District Judge