WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>             )<br>      Plaintiff,  )<br>             )<br>  vs.          )<br>             )<br>MICHAEL A. BIGLEY, et al.,   )<br>             ) No. 2:14-cv-0729-HRH<br>      Defendants. )<br>_____) | |

O R D E R

Motion to Dismiss

Pursuant to Rules 12(b)(1) and 12(h)(3), Federal Rules of Civil Procedure, defendant Michael Bigley again moves to dismiss plaintiff's complaint on the ground that this court lacks subject matter jurisdiction.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

"A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the [c]ourt's subject matter jurisdiction." Coble v. DeRosia, 823 F. Supp. 2d 1048, 1050 (E.D. Cal. 2011). This court has previously held that it has subject

---

[1]Docket No. 175.

[2]Docket No. 182.

matter jurisdiction of plaintiff's complaint pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403. Nothing has happened in this case to change that holding. The court continues to have subject matter jurisdiction of plaintiff's complaint pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

In the instant motion, Mr. Bigley argues that he is not a taxpayer and thus plaintiff's claims, which are based on a presumption that he is a taxpayer, must fail.[3] This is an argument more properly raised in a Rule 12(b)(6) motion for failure to state a claim. "To survive a Rule 12(b)(6) motion to dismiss, a 'plaintiff must allege enough facts to state a claim to relief that is plausible on its face.'" Turner v. City and County of San Francisco, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008)).

Plaintiff has asserted four claims for relief in its complaint: 1) a claim to reduce federal tax assessments to judgment, 2) a claim seeking a determination that the Kelsos and ISA Ministries were the nominees or alter egos of the Bigleys, 3) a fraudulent transfer claim against the Bigleys, and 4) a claim seeking to foreclose the federal tax liens encumbering the real property at issue.

---

[3]To the extent that Mr. Bigley has advanced any other arguments in the instant motion to dismiss and his reply to plaintiff's opposition, these arguments are frivolous and the court declines to address them in detail. See Crain v. C.I.R., 737 F.2d 1417, 1417 (5th Cir. 1984) (finding "no need to refute" frivolous "arguments with somber reasoning and copious citation of precedent" because "to do so might suggest that these arguments have some colorable merit").

> Congress has authorized the IRS to collect outstanding tax liabilities.  Pursuant to 26 U.S.C. § 7402(a), the United States can bring an action to obtain a judgment in order to enforce the internal revenue laws.  Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes.  Section 7403(b) requires the United States to name as defendants all persons who have an interest in, or a lien upon, the property at issue.  Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property.  Where the United States establishes its interest in the property, the court can direct a sale of the property[.]

United States v. Suganuma, 546 F. Supp. 2d 996, 1000 (D. Hawai'i 2008).

Plaintiff has alleged that taxes and penalties of $214,912.78 have been assessed against Mr. Bigley.[4]  Plaintiff alleges that it has given Mr. Bigley timely notice of these assessments and has made a demand for payment, but that Mr. Bigley "has neglected, refused, or failed to make payment of the assessed amount...."[5]  Plaintiff further alleges that Mr. Bigley "petitioned the United States Tax Court to contest the merits of the notice of deficiency by the IRS for the 2004 tax year.  The Tax Court issued a decision in favor of the IRS, sustaining the deficiency determinations for the 2004 tax year[.]"[6]  These allegations

---

[4]Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens at 6-7, ¶ 22, Docket No. 1.

[5]Id. at 8, ¶¶ 23-24.

[6]Id. at ¶ 25.

are sufficient to make plaintiff's claims against Mr. Bigley plausible on their face, unless, as Mr. Bigley now argues, he is not a "taxpayer."

Mr. Bigley argues that he is not a "taxpayer" as that term is defined in 26 U.S.C. § 7701(a)(14). Section 7701(a)(14) defines "taxpayer" to mean "any person subject to any internal revenue tax." Mr. Bigley argues that he does not meet this definition because he cannot be subject to an internal revenue tax on the income which is the basis for plaintiff's tax assessment. Mr. Bigley contends that

> [t]he "internal revenue tax" is limited to that of a tax levied or imposed upon an object of interstate commerce that is a proper subject of the Congressional power to tax under U.S. Const. Art. I, § 8 to the exclusion of any other tax levied or imposed upon activity or object under that same power....[7]

Mr. Bigley argues that his income was not an object of interstate commerce because it was earned only in Arizona and not while he was engaged in interstate commerce. According to Mr. Bigley, if his income was not an object of interstate commerce, then an internal revenue tax could not be levied or imposed upon it, and if no internal revenue tax could be levied or imposed upon his income, then he could not be a taxpayer for purposes of Title 26.

The meaning of "internal revenue tax" is not limited in the manner that Mr. Bigley suggests. "'The authority conferred upon Congress by § 8 of article 1 to lay and collect taxes, duties, imposts and excises is exhaustive and embraces every conceivable power of taxation'" including the authority "'... to lay and collect income taxes.'" Parker v. C.I.R., 724

---

[7]Memorandum of Law Internal Revenue Tax and "Taxpayer" at 1, Docket No. 175.

F.2d 469, 471 (5th Cir. 1984) (quoting Brushaber v. Union Pacific Ry. Co., 240 U.S. 1, 12-13 (1916)).  "The Sixteenth Amendment provides[,]" in pertinent part that "[t]he Congress shall have power to lay and collect taxes on incomes, from whatever source derived[.]"  Murphy v. United States, 992 F.2d 929, 930 (9th Cir. 1993).  The Sixteenth Amendment "is a broad grant of power to tax income from whatever source it is derived, including income derived from wholly intrastate actions or property."  Secora v. United States, Case No. 4:CV96–3356, 1997 WL 460162, at *6 (D. Neb. April 18, 1997) (emphasis added).  That Mr. Bigley's income may have been earned solely within Arizona does not mean that any tax imposed on that income is not an "internal revenue tax."  As a person who has received income, Mr. Bigley is a person "subject to any internal revenue tax."  26 U.S.C. § 7701(a)(14).  Mr. Bigley is a "taxpayer" for purposes of Title 26, and, as set out above, plaintiff's claims against Mr. Bigley are not implausible.

Mr. Bigley's motion to dismiss[8] is denied.

DATED at Anchorage, Alaska, this 21st day of November, 2016.

/s/ H. Russel Holland
United States District Judge

---

[8]Docket No. 175.