Michael A Bigley, *Pro Se*
Authorized Representative
3115 E Park Ave
Gilbert, Arizona [85234]
Phone 480 545 2996

FILED ✓   LODGED ___
RECEIVED ___   COPY ___

JUN 0 9 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v<br><br>Michael A Bigley,<br>Carolyn E Bigley,<br>Robert B Kelso, Raeola D Kelso,<br>and ISA Ministries,<br><br>Defendant | Civil No 2 14 - CV- 00729-HRH<br><br>**AFFIDAVIT OF MICHAEL A BIGLEY**<br><br>**In respect of bias and prejudice of senior judge Holland under 28 U S C § 144** |

I, Michael A Bigley hereafter ("Affiant" or "Defendant"), am one of the Defendants in this case and I am a Citizen of Arizona Affiant declares that he has personal knowledge of the facts stated below and will testify to them under oath if called to do so

1   Affiant is over 21 years of age and competent to testify to the matters set forth below

2   Senior Judge Holland ("Holland") is the judge of record for the above captioned case and has demonstrated gross incompetency in the application of law to fact in accordance with Rules of Law that it must be construed as bias or prejudice against the Defendant so much so that it has substantively denied the Defendant due process of law in the case before the Court to wit

3   The Defendant established admissible evidence by way of the Statutes at Large that this Court was not ordained with judicial power under Article III of the U S Constitution and Holland maintained the jurisdiction of the Court without the positive evidence to rebut that which was placed in the record and further contrary to Supreme Court holdings that jurisdiction must exist as a matter of fact in the record or it is presumed not to exist

4   Holland has expanded the jurisdiction of the Court by decree — contrary to the evidence in the record that jurisdiction does not exist under Article III and contrary to the prohibitions established by the Supreme Court that those facts must exist in the record

5   After the Defendant challenged Holland's constitutional authority to hold district court in the District of Arizona based upon the requirements of the Appointments Clause and Presidential Commission to a particular Office, Holland established evidence in the record that his designation and assignment orders were made under the authority of 28 U S C § 292(b) expressly for district judges in regular active service and not for senior judges retired from regular active service but continued to conduct the proceedings after it was called to his attention in the record

6   Holland would not reconcile the constitutional repugnancy of his executing power without an Office as those Offices in the District of Arizona are either filled with a duly commissioned officer or vacant

7   Holland penalized the Defendant with sanctions that effectively prohibited any defense to the claims of the Plaintiff for not submitting to discovery process until jurisdiction was established in the record in respect of Article III

8   Holland penalized the Defendant with sanctions that effectively prohibited any defense to the claims of the Plaintiff for not submitting to discovery process

   a   until Holland reconciled his constitutional authority to hold Court in the District of Arizona when the judicial offices are either vacant or occupied by an officer duly commissioned to a seat and Holland's commission is to a seat in the District of Alaska and

   b   until Holland reconciled his authority to hold Court in the District of Arizona while no certified fact of disablement of an office is in the record to enable the power for the temporary designation and assignment thereto in the District of Arizona as according to the Statutes at Large

9   Holland granted summary judgment without evidentiary support for each of the Plaintiff's claims

10  Holland allowed and considered testimony for purposes of summary judgment from J C Sellers in violation of Rule 26 disclosure requirements

11  Holland allowed testimony of J C Sellers into the record who committed perjury in the Declaration itself

12  Holland allowed — over a motion to strike — the Declaration of J C Sellers into the record made

under a pseudonym when the facts for such usage had not been established as a matter of record and without such facts is against the provisions of the Internal Revenue Manual for use of pseudonym

13. Holland granted summary judgement when there exist genuine issues of material fact

14. Holland allowed Forms 4340 into the record as evidence that were created solely for the purpose of litigation and as such are excluded by the Supreme Court as falling outside of the exception to the Rules Against Hearsay — even if certified and self-authenticating

15. Holland allowed Forms 4340 into the record when the documents were prima facia defective in respect of being properly certified

16. Holland disallowed Defendant's Affidavits supporting facts that the documents entered into the record were untrustworthy as to be considered for any purpose in respect of summary judgment — over 350 errors were documented by Affidavit

17. Holland applied law on the presumption of facts not in the record and that were challenged as a matter of record

18. Holland disregarded the absence of fact in the support of the Plaintiff's claim and granted summary judgment against the Defendant

19. Holland allowed equitable relief of alter ego/nominee and fraudulent transfer under 28 U S C, Chapter 176 when the statutory elements had not been pleaded for the application thereof under 26 U S C § 6901 or 28 U S C, Chapter 176

20. Holland, knowing by Affidavit that Defendant Kelso have legal debt on the Kelso Property, has foreclosed the entire property and with all proceeds to the Plaintiff while Defendant Kelso has been left with no relief for the debt on the Kelso Property and no recovery of his investment

21. Holland conducted prosecution on behalf of the Plaintiff

22. Holland's bias favoring the Plaintiff is clearly seen in the following incident The Plaintiff filed their Motion for Summary Judgment Doc # 195 on Dec 22, 2016 and included a separate Statement of Facts Doc # 196 The very next day on Dec 23, 2016 the Plaintiff filed a Notice of Errata and a revised Declaration Doc # 197 from IRS Employee DBA J C Sellers On Jan 3, 2017 the Court without any prompting from Plaintiff or the Defendant issued an order Doc # 200 striking Plaintiff's Documents # 195, 196, and 197 giving them leave of Court to re-file the Motion for

Summary Judgment in compliance with the local rules

23. Holland's bias against the Defendant is shown when he did not offer Defendants leave of the court and to re-file their response as he did with the Plaintiff in Order # 200. The Defendant had to request a leave of court to re-file his response to Motion for Summary Judgment. See Defendant's Doc # 223

24. Holland has denied the Defendant Due Process and the record is replete with evidence of partiality, disregard for controlling authority of the Supreme Court, disregard for the protection of rights, disregard for the Rule of Law to such a point as to be considered by an outsider as a case that had already been conclusively pre-determined against the Defendant

25. The Affiant's statements are concluded

Executed by _____
Michael A Bigley, Affiant

Subscribed and sworn to before me this _9th_ day of June, 2017

_Deborah Zucker_
Notary Public,
State of Arizona
County of Maricopa

DEBORAH ZUCKER
Notary Public - Arizona
Maricopa County
Expires 02/15/2018

My commission expires _2-15-2018_

## CERTIFICATE OF SERVICE

I hereby **CERTIFY** that a true and complete copy of the foregoing document and any and all referenced documents and exhibits as filed with the Court were served upon each of the parties to this action and that said service was made on this 9th day of June, 2017 upon the following persons and in the following manner

| | |
|---|---|
| NITHYA SENRA<br>Trial Attorney, Tax Division<br>U S Department of Justice<br>P O Box 683 Ben Franklin Station<br>Washington, D C [20044-0683] | E-Mail |
| Robert and Raeola Kelso<br>4942 W 81 S<br>Shelley ID [83271] | E-Mail |
| ISA Ministries / ICO<br>Andrew Wilkins<br>1239 Rand Way<br>Roseville, CA [95678-7590] | Mail |

/s/ M A Bigley
Michael A Bigley, *Pro Se*
Authorized Representative
3115 E Park Ave
Gilbert, Arizona [85234]
Phone 480 545 2996