WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-14-00729-PHX-HRH |
| Plaintiff, | **ORDER** |
| v. | |
| Michael A Bigley, et al., | |
| Defendants. | |

Pending before the Court are the Verified Motion for Relief from Order and for Disqualification of Judge of Defendant Michael A. Bigley, (Doc. 231), and the Motion for Relief from Order and for Disqualification of Judge Holland of Defendants Robert B. Kelso and Raeola D. Kelso, (Doc. 232). The underlying action is presided over by Judge H. Russel Holland; the consideration of Defendants' motions for disqualification was assigned to this Court by random lot. For the reasons set forth below, the Court denies the motions for disqualification and refers the motions for reconsideration back to Judge Holland.

## BACKGROUND

The United States commenced a civil action on April 8, 2014 against Michael A. Bigley, Carolyn E. Bigley, Robert B. Kelso, Raeola D. Kelso, and ISA Ministries (together, "the Defendants") to obtain a judgment for outstanding income taxes from 2004–2007. The United States alleged that the Bigleys, in an effort to defraud present and future creditors, fraudulently transferred ownership of their real property to the

Kelsos and to ISA Ministries. The United States sought to enforce federal tax liens on Defendants' real property, because it represented substantially all of the Bigleys' assets. The case was assigned to Judge Holland, a visiting senior judge from the District of Alaska.

Throughout the proceedings, Defendants raised repeated challenges to Judge Holland's decisions as well as his ability to hear the case at all. They argued, among other things, that the district courts of the United States can entertain actions initiated by the "United States," but not by—as here—the "United States of America"; that the United States District Court for the District of Arizona is not actually an Article III court but an Article I legislative court; and that Judge Holland, as a visiting senior judge, lacked authorization to hear the case. These arguments were rejected.

The United States moved for summary judgment against the Bigleys and the Kelsos and for default judgment against ISA Ministries. On May 10, 2017, Judge Holland granted those motions. In, his order, Judge Holland reiterated his rejection of the Defendants' jurisdictional arguments. (Doc. 227 at 2–3.)

On June 6, 2017, Michael Bigley and the Kelsos filed the motions now pending before this Court. In their motions, Defendants assert that Judge Holland lacked jurisdictional authorization to preside over the action. (Doc. 231 at 3–7; Doc. 232 at 2–7.) Defendants further assert that Judge Holland demonstrated bias by issuing discovery sanctions against them, denying the Bigleys' request to dismiss the action, and granting the government's summary judgment motion. (Doc. 231 at 1–2.) Defendants assert that Judge Holland, by granting the government's Motion for Summary Judgment, deprived Defendants of due process, insofar as Defendants were denied the right to a jury trial on disputed facts, denied the right to testify and demonstrate errors in the government's exhibits, and deprived of real property as a result of the judgment entered against them. (Doc. 231 at 8–13; Doc. 232 at 8–10.) The motions thus largely take issue with legal rulings Judge Holland made (in some cases multiple times), and further assert that the rulings demonstrate that Judge Holland must be disqualified from presiding over the case.

Judge Holland requested that the pending motions be referred for an independent judicial evaluation of whether the Defendants' allegations merit his recusal. (Doc. 234.) The consideration of the motions was assigned to this Court by random lot. The United States has filed a response to the motions insofar as they seek Judge Holland's disqualification, (Doc. 235), and the Defendants have replied, (Doc. 237). Michael Bigley also filed a document entitled "Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal" in which he purported to order "all Officers of the Court including all Judges and Attorneys" to cease and desist "any actions bringing harm to [Bigley] in any way" and threatening suit for any such harm. (Doc. 236.)

## DISCUSSION

**I.  Legal Standard**

Two statutes govern whether a federal judge must recuse in a particular case. The first, 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The second statute, 28 U.S.C. § 455, further specifies:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455.

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *See United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)); *see also United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) ("The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person."). In interpreting these statutory provisions the Supreme Court has determined that the judge's impartiality generally must stem from an "extrajudicial source." *See id.* (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). A court's judicial rulings "almost never" constitute a valid basis for a motion to disqualify. This is because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Even "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men, and women, even after having been confirmed as federal judges, sometimes display" are not sufficient to merit recusal. *Id.* at 555–56. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. Thus, statements made in ruling on particular motions establish bias only in extremely rare circumstances.

The moving party bears the burden of proving facts sufficient to justify recusal. *See Holland*, 519 F.3d at 913 (noting disqualification is a fact-driven inquiry). The mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 144 does not amount to sufficient proof. Pursuant to the terms of the statute, the Court must first determine whether the claims of bias are legally sufficient before determining that the Court "shall proceed no further" on the movant's case. The statute "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its dignity and

integrity, and to prevent abuse and to insure orderly functioning of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted). Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989).

**II. Analysis**

    **A. The Defendants' motions for recusal are untimely.**

Defendants have failed to timely file their recusal motions, as required by statute. *See* 28 U.S.C. § 144. The Ninth Circuit has not defined a fixed time after which a party is held to have untimely filed a recusal motion after ascertaining grounds for such a motion. However, it is generally held that parties that suspect possible bias or prejudice toward them must not withhold filing recusal motions until their dispute has been resolved on the merits. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) ("To hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple."). Here, Defendants stated they suspected bias or prejudice toward them throughout the proceedings, but did not file recusal motions until over a month after a judgment was already entered against them. Further, Defendants have not provided any facts demonstrating good cause for delaying the filing of recusal motions. *See Studley*, 783 F.2d at 939 (noting a motion for recusal filed after a judgment is entered is "presumptively untimely absent a showing of good cause for its tardiness").

    **B. Even assuming the timeliness of the Defendants' motions, Judge Holland's rulings on jurisdiction and his fitness to preside as a visiting senior judge, and other alleged legal errors during the proceedings, do not require his recusal.**

The Defendants allege no extrajudicial sources by which Judge Holland might have developed a bias against them, nor do they identify any conduct on his part, apart from his rulings in the case, by which they ask this Court to infer bias. Indeed, Michael

Bigley states in his affidavit that Judge Holland "has demonstrated gross incompetency in the application of law to fact in accordance with Rules of Law that it must be construed as bias or prejudice against the Defendant . . . ." (Doc. 233 at 1.) But only in the "rarest of circumstances" will judicial rulings evidence the degree of favoritism or antagonism toward a litigant necessary to require a judge's recusal. *Liteky*, 510 U.S. at 555.

No such rare circumstances exist here. Defendants' argument that the "United States" is a different entity from the "United States of America" has been characterized in other courts as "either purposefully comedic or malicious with the intent to harass or waste the limited resources of the court." *United States v. Wacker*, 173 F.3d 865, 1999 WL 176171, at *2 (10th Cir. 1999) (unpublished). Defendants' argument that the United States District Courts are not Article III courts has likewise been thoroughly repudiated elsewhere. *See, e.g.*, *United States v. Robertson*, No. 2:13-cr-141-JAD-VCF, 2014 WL 4956208, at *6–8 (D. Nev. Oct. 2, 2014).

Likewise, Judge Holland's determination that he is qualified to preside over the case shows no bias or partiality. It has long been settled that a senior judge may sit by designation in another district or circuit.

> The act [of assuming senior status] does not, and indeed could not, endue him with a new office, different form but embracing the duties of the office of judge. He does not surrender his commission, but continues to act under it. He loses his seniority in office, but that fact, in itself, attests that he remains in office. A retired District Judge need not be assigned to sit in his own district. And if a retired judge is called upon by the Chief Justice or a Senior Circuit Judge to sit in another district or circuit, and he responds and serves there, *his status is the same as that of any active judge*.

*Booth v. United States*, 291 U.S. 339, 350–51 (1934) (internal citations omitted) (emphasis added). That Judge Holland rejected meritless arguments in no way suggests bias against the Defendants.

Similarly, Defendants' allegations of legal errors with respect to discovery sanctions, the denial of their motion to dismiss, and granting of the government's motion for summary judgment are not extrajudicial in nature and do not serve as a basis for

recusal. Adverse rulings against the Defendants, without any evidence of bias or favoritism toward the opposing party, are not sufficient to justify recusal. *See Studley*, 783 F.2d at 939 (noting a judge's prior adverse ruling is not sufficient cause for recusal absent evidenced bias or favoritism (citation omitted)). Defendants have thus not provided any factual allegations suggesting that Judge Holland's actions require his recusal.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Disqualify Judge Holland, as contained in Doc. 231 and Doc. 232, are **DENIED**. The Motions for Reconsideration also contained in those documents are referred back to Judge Holland for further ruling.

Dated this 10th day of August, 2017.

_____
Honorable G. Murray Snow
United States District Judge