WO            IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael A. Bigley, et al., | ) | |
| | ) | No. 2:14-cv-0729-HRH |
| Defendants. | ) | |
| _____ | ) | |


O R D E R

Motion for Disbursement;
Motion to Compel

     Plaintiff enters a claim on the remaining proceeds of the sale of the subject property and requests disbursement of the remaining proceeds.[1] This motion is opposed by the Bigley defendants and they assert a counterclaim against plaintiff's attorneys.[2] The Bigley defendants also move to compel production of certain documents.[3] The motion to compel is opposed.[4] Oral argument has not been requested on the pending motions and is not deemed necessary.

_____

[1]Docket No. 267.

[2]Docket No. 269.

[3]Docket No. 268.

[4]Docket No. 271.

<u>Background</u>

In its May 10, 2017 summary judgment order, the court determined that the Bigley defendants' liability for federal income taxes, interest, and penalties for the tax years 2004, 2005, and 2006 was $261,781.34, plus interest.[5] The court also determined that the Kelso defendants were nominees, alter egos, and fraudulent transferees of the Bigley defendants with respect to the real property located at 3115 East Park Avenue, Gilbert, Arizona 85234 ("the subject property").[6] Judgment was entered in plaintiff's favor on May 10, 2017.[7] The Bigley defendants filed a notice of appeal on September 28, 2017.[8]

On September 14, 2017, the court entered an Order of Foreclosure and Judicial Sale of the subject property.[9] The subject property was thereafter sold for $385,000.00; and the proceeds of the sale were deposited in the registry of the court.[10] The sale of the subject property was confirmed on March 6, 2018, and funds were distributed to plaintiff in satisfaction of plaintiff's judgment.[11] To date, $277,670.92 of the funds deposited in the court registry have been distributed. $107,329.08 remain in the court registry.

---

[5]Order re Motion for Summary Judgment at 18-19, Docket No. 227.

[6]<u>Id.</u> at 19.

[7]Docket No. 228.

[8]Docket No. 246.

[9]Docket No. 243.

[10]Docket Nos. 257 and 258.

[11]Docket No. 261.

Plaintiff now enters a claim on the remaining proceeds on the basis that the Bigley defendants have unpaid federal taxes and civil penalty assessments for the tax years 2007, 2008, and 2009.  Plaintiff requests that the remaining funds in the court registry be distributed to it as partial payment of the Bigley defendants' tax liability for the 2007, 2008, and 2009 tax years.

## Discussion

As set out above, on September 28, 2017, the Bigley defendants filed a notice of appeal. "'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  Rodriguez v. County of Los Angeles, 891 F.3d 776, 790 (9th Cir. 2018) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)).  "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).    The funds that remain in the court registry are involved in the Bigley defendants' appeal.  Resolution of issues on appeal may determine who is entitled to the remaining funds. If the Bigley defendants prevail on their appeal, they may be entitled to the funds that remain in the court registry as well as to a refund of the funds that have already been disbursed to plaintiff.

"There are a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal."  Stein v. Wood, 127 F.3d 1187, 1189 (9th

Cir. 1997). "A district court may, for example, retain jurisdiction to correct clerical errors or clarify its judgment pursuant to Fed. R. Civ. P. 60(a)." Id. "A district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal or in aid of execution of a judgment that has not been superseded." Id. (internal citation omitted). "A district court may also retain jurisdiction by statute." Id. None of these exceptions apply here. Rather, plaintiff seeks to have the court decide an entirely new claim on the remaining funds in the court registry.

Because the funds remaining in the court registry are involved in the appeal taken by the Bigley defendants, the court presently lacks jurisdiction to consider plaintiff's claim on the remaining funds or to disburse said funds to plaintiff. For the same reason, the court lacks jurisdiction to consider the Bigley defendants' counterclaim.

## Conclusion

Plaintiff's motion[12] for disbursement of the funds remaining in the court registry is denied. The Bigley defendants' counterlcaim[13] is denied. The Bigley defendants' motion to compel[14] is denied as moot.

DATED at Anchorage, Alaska, this 2nd day of July, 2018.

/s/ H. Russel Holland
United States District Judge

---

[12]Docket No. 267.

[13]Docket No. 269.

[14]Docket No. 268.