WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,    )
                                               )
                              Plaintiff,    )
                                               )
        vs.                                           )
                                               )
MICHAEL A. BIGLEY, et al.,            )
                                             )     No. 2:14-cv-0729-HRH
                            Defendants.   )
_____)

O R D E R

Motion to Strike Notice of Levy[1]

The Bigley defendants move to strike the Notice of Levy. This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Background

Plaintiff commenced this action "to reduce the outstanding federal tax liabilities assessed against [the Bigley defendants] to judgment and to foreclose federal tax liens on real property."[3] In its May 10, 2017 summary judgment order, the court determined that the Bigley

---

[1]Docket No. 287.

[2]Docket No. 291.

[3]Complaint [etc.] at 2, ¶ 1.

defendants' liability for federal income taxes, interest, and penalties for the tax years 2004, 2005, and 2006 was $261,781.34, plus interest.[4] The court also determined that the Kelso defendants were nominees, alter egos, and fraudulent transferees of the Bigley defendants with respect to the real property located at 3115 East Park Avenue, Gilbert, Arizona 85234 ("the subject property").[5] Judgment was entered in plaintiff's favor on May 10, 2017.[6] The Bigley defendants filed a notice of appeal on September 28, 2017.[7]

On September 14, 2017, the court entered an Order of Foreclosure and Judicial Sale of the subject property.[8] The subject property was thereafter sold for $385,000.00; and the proceeds of the sale were deposited in the registry of the court.[9] The sale of the subject property was confirmed on March 6, 2018, and $277,670.92 was distributed to plaintiff in satisfaction of plaintiff's judgment.[10] $107,329.08 remains in the court registry.

On May 6, 2019, the court received the mandate[11] of the Ninth Circuit Court of Appeals covering the appeal court's memorandum decision which affirmed this court's judgment. On

---

[4]Order re Motion for Summary Judgment at 18-19, Docket No. 227.

[5]Id. at 19.

[6]Docket No. 228.

[7]Docket No. 246.

[8]Docket No. 243.

[9]Docket Nos. 257 and 258.

[10]Docket No. 261.

[11]Docket No. 279.

June 10, 2019, the court entered an order in which it "invite[d] plaintiff to levy on the funds held in the registry of the court if the Bigley defendants owe additional, unpaid taxes[.]"[12] On July 2, 2019, pursuant to 26 U.S. § 6331, the Internal Revenue Service served a Notice of Levy[13] on the clerk of court. The Notice of Levy names Carolyn Bigley as the taxpayer and claims that she owes $178,383.46 in 1040 taxes and statutory additions for the 2007, 2008, and 2009 tax years.[14] The Notice of Levy was signed by Suzy Taylor, a revenue officer.[15]

The Bigleys defendants now move to strike the Notice of Levy, raising primarily constitutional and procedural objections to the Notice of Levy.

## Discussion

"Section 6331(a) of the Internal Revenue Code of 1986 authorizes the Secretary of the Treasury (or a delegate) to collect taxes 'by levy upon all property and rights to property' belonging to a person who neglects or refuses to pay any tax liability within ten days after notice and demand." Maisano v. Welcher, 940 F.2d 499, 500–01 (9th Cir. 1991) (quoting 26 U.S.C. § 6331(a)). "Section 6331(b) defines 'levy' as including "the power of distraint and seizure by any means'." Id. at 501 (quoting 26 U.S. § 6331(b)). "Both real estate and personal property, tangible and intangible, are subject to levy under section 6331(a)). Id.

---

[12]Order re Case Status at 1, Docket No. 280.

[13]Docket No. 283.

[14]Id. at 2.

[15]Id.

As an initial matter, plaintiff argues that the Bigley defendants lack standing to challenge the Notice of Levy. Plaintiff contends the Bigley defendants are arguing that the levy is "wrongful" and that 26 U.S.C. § 7426(a)(1) is the exclusive remedy for third-party wrongful levy claims. "Title 26 U.S.C. § 7426(a)(1) provides that 'any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States. . . .'" Arford v. United States, 934 F.2d 229, 231–32 (9th Cir. 1991) (quoting 26 U.S.C. § 7426(a)(1)). The elements of a wrongful levy claim are as follows:

> First, the person must not be one "against whom is assessed the tax." Second, the person must claim a legally cognizable "interest" in the property. Third, the property must have been "wrongfully levied upon."

Id. at 232 (quoting 26 U.S.C. § 7426(a)(1)). To the extent that the Bigley defendants are attempting to assert a wrongful levy claim pursuant to Section 7426, such a claim would fail because Mrs. Bigley is the person against whom the tax is assessed and she does not claim an interest in the funds remaining in the court's registry.[16] That said, the Bigley defendants'

---

[16]Mrs. Bigley has "declare[d] that the balance of funds from the sale of the Property is not [her] money or property." Affidavit of Fact [etc.] at 3, ¶ 15, Docket No. 286. To the extent that the Bigley defendants are attempting to assert a wrongful levy claim on the behalf of the Kelso defendants, that attempt fails because only the Kelso defendants could bring such a claim. Moreover, the court recently reaffirmed that the Kelso defendants "have no interest in the surplus sales proceeds. . . ." Order re Demand for Distribution of Surplus Proceeds at 3, Docket No. 309.

motion cannot be read as solely asserting a wrongful levy claim. That the Bigley defendants cannot assert a wrongful levy claim does not dispose of the instant motion.

Plaintiff next argues that the Anti-Injunction bars the instant motion. "The Anti-Injunction Act, 26 U.S.C. § 7421, limits actions to enjoin the assessment and collection of taxes." Sokolow v. United States, 169 F.3d 663, 664–65 (9th Cir. 1999). "The Act provides, in part, that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . .'" Id. at 665 (quoting I.R.C. § 7421(a)). "There are, however, several statutory exceptions to the Act, as well as one judicial exception." Id. "An action that does not fall within one of the exceptions must be dismissed for lack of subject matter jurisdiction." Id. "Thus, ordinarily, once a tax has been assessed, the taxpayer's only recourse is to pay the tax in full and then sue for a refund in district court."[17] Id.

To the extent that the instant motion could be construed as an attempt to restrain tax collection, the only possible way the Bigley defendants could avoid the jurisdictional bar of the Anti-Injunction Act would be to show that the judicial exception applies. The judicial exception to the Anti-Injunction Act requires a plaintiff to show that the "the Government's claim is baseless" and that he "is entitled to equitable relief[,]" which requires a showing that "he has no adequate remedy at law and that the denial of injunctive relief would cause him

---

[17]In her affidavit, Mrs. Bigley "declares that the 'Notice of Levy' reflects false and fraudulent tax deficiencies for the years 2007, 2008, and 2009." Affidavit of Fact [etc.] at 3, ¶ 11, Docket No. 286. To the extent that Mrs. Bigley is arguing that the tax assessments for the tax years in question are incorrect, such contentions must be made in a tax refund suit.

immediate, irreparable harm." Church of Scientology of Calif. v. United States, 920 F.2d 1481, 1486 (9th Cir. 1990) (citation omitted). The constitutional arguments raised by the Bigley defendants in the instant motion can be construed as arguments that the Notice of Levy is baseless.

First, the Bigley defendants argue that Mrs. Bigley's Fourth Amendment rights have been violated because no warrant based upon probable cause has been issued. "The Fourth Amendment protects, among other things, a person's right not to have their property unreasonably seized by the government." Recchia v. City of Los Angeles Dep't of Animal Services, 889 F.3d 553, 558 (9th Cir. 2018). However, "[t]he Supreme Court has noted that where the government seizes property to collect delinquent taxes, the seizure, if it involves no invasion of the taxpayer's premises, does not violate the Fourth Amendment." Hutchinson v. United States, 677 F.2d 1322, 1328 (9th Cir. 1982). "Here, the Internal Revenue Service has committed no invasion of [Mrs. Bigley's] personal effects or premises. Rather, it levied upon" the funds in the court's registry. Id. Thus, there has been no Fourth Amendment violation here.

The Bigley defendants also argue Mrs. Bigley's Seventh Amendment right to a jury trial has been violated. But, "the seventh amendment does not apply to actions against the United States." Hudson v. United States, 766 F.2d 1288, 1292 (9th Cir. 1985).

The Bigley defendants also argue that Mrs. Bigley's Fifth Amendment due process rights have been violated. But, "the IRS's lawful collection of taxes does not violate a

person's Fifth Amendment right to due process because the post-seizure remedies available to the taxpayer are adequate to protect the taxpayer's due process rights." Del Elmer v. Metzger, 967 F. Supp. 398, 404 (S.D. Cal. 1997). "Due process challenges to tax levies have been specifically rejected by the Supreme Court." Id. (citing Fuentes v. Shevin, 407 U.S. 67, 90–92 (1972); Phillips v. Commissioner, 283 U.S. 589, 595–97 (1931)).

But even if the Anti-Injunction Act bars the court's consideration of some of the arguments raised by the Bigley defendants in the instant motion, the court has jurisdiction to consider the Bigley defendants' procedural challenges to the Notice of Levy. Smith v. Rossotte, 250 F. Supp. 2d 1266, 1269 (D. Or. 2003). "When the IRS seeks to collect taxes by means of a levy, it must adhere to the provisions of the Internal Revenue Code." Tull v. United States, 69 F.3d 394, 397 (9th Cir. 1995). "Section 6331 of the Internal Revenue Code sets forth the procedure the IRS must follow to levy upon a taxpayer's property." Martinez v. United States, 669 F.2d 568, 569 (9th Cir. 1981). "Normally, the taxpayer is given notice of any deficiency and a demand for payment is made. If the tax is not paid within ten days, the IRS may levy on any property of the taxpayer." Id.

The Bigley defendants first argue that Mrs. Bigley is not a "taxpayer" and thus the IRS cannot seek to collect taxes from her by means of levy. Mrs. Bigley's argument appears to be based on the fact that she did not file tax returns for the 2007, 2008, and 2009 tax years and that she did not "self-assess" any amount of tax to return. As this court has previously observed, "[i]n a literal sense, the Bigleys are not taxpayers for they have not yet paid taxes

for the years in question."[18] But Mrs. Bigley's failure to file a tax return does not mean that she is not a taxpayer for purposes of Section 6331. The record in this case contains Certificates of Assessment showing that Mrs. Bigley owes 1040 taxes for the 2007, 2008, and 2009 tax years.[19]

The Bigley defendants next argue Mrs. Bigley did not receive the statutorily required Notice and Demand. Mrs. Bigley "declares that I never received a 'notice and demand' as mandated by statute to pay a tax subscribed by the Secretary of the Treasury or his duly authorized delegate."[20] The Bigley defendants do not appear to be contending that Mrs. Bigley did not receive the Notice of Levy that is the subject of the instant motion.[21] Rather, they seem to be arguing that Suzy Taylor, the revenue officer who signed the Notice of Levy, does not have the authority to issue a Notice of Levy. As the Bigley defendants put it, Taylor does not have the authority "to make a demand to surrender property in the hands of a third

---

[18]Order re Motion for Summary Judgment at 10, Docket No. 227.

[19]Exhibits E, F, and G, United States' Claim on Remaining Proceeds and Request to Distribute, Docket No. 267.

[20]Affidavit of Fact [etc.] at 2, ¶ 5, Docket No. 286.

[21]The record also contains Notices of Intent to Levy which were sent to Mrs. Bigley in 2013. Exhibit C, Opposition to USA's Claim on Remaining Proceeds [etc.], Docket No. 269-3 at 10-15. Section 6331 "requires that to be effective, the IRS need only mail the notice and demand by certified or registered mail to the [taxpayer's] last known address. The statute does not require that [the taxpayer] receive or accept the registered or certified notifications." Smith, 250 F. Supp. 2d at 1270 (internal citations omitted).

party."[22] The Bigley defendants argue that only "the district director to whom the assessment is charged . . . may proceed to collect the tax by levy." 26 C.F.R. § 306.6331-1(a)(1).

This argument fails. Pursuant to Section 6331(a), the "Secretary" has the authority to collect tax by levy. "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B). "The term 'or his delegate' . . . means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context[.]" 26 U.S.C. § 7701(a)(12)(A)(i). As set out above, the Secretary has delegated the authority to collect tax by levy to IRS district directors. District directors, in turn, may delegate this authority to other IRS employees. 26 C.F.R. § 301.7701–9(c). And, this authority has in fact been delegated to revenue officers. See D.O. No. 191REV3 (IRS DLO), 2001 WL 34072412.

The Bigley defendants next argue that the Secretary only has the authority to levy "upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia[.]" 26 U.S.C. § 6331(a). For the Secretary to levy on the property at issue here, the surplus sale proceeds in the court's registry, the Bigley defendants argue that the Secretary, pursuant to Chapter 176 of Title 28 of the United States Code, would have had to obtain a writ from a court of competent jurisdiction.

---

[22]Motion to Strike Notice of Levy at 10, Docket No. 287.

This argument fails for two reasons. First, the Bigley defendants' reading of Section 6331(a) "ignores the first sentence of" that section, "which gives the statute its broad scope and clearly states that it applies to <u>all</u> property of <u>any</u> person liable to the IRS." <u>Maisano</u>, 940 F.2d at 502. The portion of Section 6331(a) cited by the Bigley defendants "merely clarif[ies] procedures followed in special situations (i.e. attachment of government employees' wages) and do[es] not limit the statute's scope." <u>Id.</u>

As for the argument that the Notice of Levy is invalid because it was not accompanied by a writ, the Bigley defendants' reliance on Chapter 176 of Title 28 is misplaced. "Except as provided in subsection (b)," Chapter 176 "provides the exclusive civil procedures for the United States . . . to obtain, before judgment on a claim for a debt, a remedy in connection with such claim." 28 U.S.C. § 3001(a). Subsection (b) provides that "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. § 3001(b). Here, there is another federal law that "specifies procedures for recovering on a claim. . . ." <u>Id.</u> "The Tax Code provides exclusive procedures to govern the government's collection of unpaid tax liabilities." <u>McKean v. United States</u>, 563 F. Supp. 2d 182, 187 (D.D.C. 2008). In other words, the procedures set out in Section 6331 apply here. Section 6331 does not require that a Notice of Levy be accompanied by a writ of any kind. Thus, the Notice of Levy is not invalid because it was not accompanied by a writ.

The Bigley defendants next raise two arguments based on the Parallel Table of Authorities and Rules (PTAR), which is found in the Code of Federal Regulations. First, the Bigley defendants argue that the PTAR establishes that the implementing regulations for Section 6331 are found in 27 C.F.R., Part 70, which pertains to the collection of excise taxes, not income tax. Thus, they appear to be arguing that Section 6331 can only be used to collect excise taxes and cannot be used to collect income taxes as the IRS is attempting to do here. Second, the Bigley defendants argue that the PTAR also establishes that the implementing regulations for Section 6201 are found in 27 C.F.R, Part 70. Section 6201 provides, in pertinent part, that "[t]he Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title[.]" 26 U.S.C. § 6201(a). The Bigley defendants argue that because the PTAR establishes that there are no implementing regulations for the assessment of income taxes, the assessments that are the basis for the Notice of Levy are invalid.

As another court explained, these arguments "stem[] from a misunderstanding of the purpose of the" PTAR. United States v. Bahrs, Case No. 1:05-CV-138-SPM. 2006 WL 2507574, at *2 (N.D. Fla. Aug. 29, 2006). "This table simply provides citations to rulemaking authority for regulations codified in the CFR." Id. That the PTAR only lists Title 27, part 70 of the CFR after Section 6631 and Section 6201 does not mean that the regulations found in Title 27, part 70 are the only regulations that pertain to Section 6631 and Section 6201. The

PTAR "simply notifies the reader that the tax regulations in" that part "are authorized by" Section 6631 and Section 6201. Id. The PTAR does not indicate that the regulations in Title 27, part 70 are the only implementing regulations for Sections 6631 and 6201. In fact, the Bigley defendants are well aware that there are implementing regulations for Section 6331 found elsewhere in the Code of Federal Regulations as they cite to 26 C.F.R. § 301.6331-1 in their motion.[23]

The Bigley defendants next argue that the Notice of Levy fails to meet the requirements of Rule 11, Federal Rules of Civil Procedure. Rule 11 provides that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name. . . ." The Bigley defendants argue that the Notice of Levy is an "other paper" and thus should have been signed by an attorney of record for plaintiff. The court is not convinced that the Notice of Levy is an "other paper" for purposes of Rule 11. Moreover, "[o]ne of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, . . . [thereby] avoid[ing] delay and unnecessary expense in litigation." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted). The Notice of Levy is not a frivolous filing. Rather, it was filed at the express invitation of this court.

Finally, the Bigley defendants argue that the Notice of Levy was not verified as required by 26 U.S.C. § 6065. Section 6065 provides that "[e]xcept as otherwise provided by

---

[23]Motion to Strike Notice of Levy at 9, Docket No. 287.

the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." 26 U.S.C. § 6065. However, "[s]ection 6065 deals with the verification of returns made by taxpayers. Congress enacted this section, along with §§ 6061 and 6064, to simplify the task of both the taxpayer and Internal Revenue Service by permitting a verified return to be substituted for a notarized return in certain situations." Mueller v. Esselstrom, Case No. CV 94-8213-RSWL, 1995 WL 462219, at *3 (C.D. Cal. March 13, 1995). Section 6065 "does not apply to notices issued by IRS agents." Morelli v. Alexander, 920 F. Supp. 556, 558 (S.D.N.Y. 1996).

## Conclusion

Based on the foregoing, the Bigley defendants' motion to strike the Notice of Levy[24] is denied. "Title 26 U.S.C. § 6332(a) imposes a duty on third parties to honor the Service's notice of levy." United States v. Hemmen, 51 F.3d 883, 887 (9th Cir. 1995). As such, the Clerk of Court shall disburse the $107,329.08 remaining in the court registry, along with accrued interest, if any, in accordance with the instructions set forth in the Notice of Levy.

DATED at Anchorage, Alaska, this 20th day of August, 2019.

/s/ H. Russel Holland
United States District Judge

---

[24]Docket No. 287.