**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael A Bigley, et al.,<br><br>Defendants. | No. CV-14-00729-PHX-HRH<br><br>**ORDER** |

Pursuant to Judge Holland's Order (Doc. 323) this matter was referred to the undersigned for the limited purpose of determining whether the Defendant parties[1] have stated a basis in various motion papers for Judge Holland to either recuse himself, or to be disqualified pursuant to 28 U.S.C. § 455(a). In his referral order Judge Holland cites to four docket entries, three filed by the Bigley Defendants, and a fourth filed by the Kelso Defendants, that should be considered to determine whether the filings provide possible grounds for Judge Holland's disqualification under 28 U.S.C. § 455(a). (Docs. 318-20, 322).

Also pending before this Court is the more recently filed motion of the Kelso Defendants for the Disqualification of Chief Judge Murray Snow and Demand for Trial of Fact by Jury (Doc. 324). It, obviously, must be considered prior to the undersigned determining whether there is a basis for Judge Holland's recusal. For the reasons that

---

[1] The Defendants in this action include Michael A. Bigley and Carolyn E. Bigley (collectively "the Bigleys" or "Bigley Defendants") Robert B. Kelso and Raeola D. Kelso (collectively "the Kelsos" or "Kelso Defendants"), and ISA Ministries.

follow, the Kelsos' motion for disqualification of the undersigned is denied, and the Court determines that there is no reason among the various assertions and positions taken by the Defendants that would merit the disqualification of Judge Holland or suggest that he should otherwise recuse. This case, therefore, is referred back to Judge Holland.

**DISCUSSION**

**I.      The Law**

The Kelso Defendants move for the disqualification of both the undersigned and Judge Holland on the authority of 28 U.S.C. § 455(a). That statute specifies that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." An objective standard applies to disqualification under § 455(a) which contemplates whether "a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 712 (9th Cir. 1993).

Subsection (b), although not explicitly relied upon by the Kelsos enumerates specific situations that require a judge to disqualify himself, regardless of whether the conflict of interest creates an appearance of impropriety. The Defendants do not allege that any basis enumerated in subsection (b) applies here. However, without citing or relying on § 455(b)(1), they do seemingly assert the personal bias of the various judges at issue here. 28 U.S.C. § 455(b)(1) requires disqualification when the judge "has a personal bias or prejudice concerning a party." Recusal for actual bias pursuant to subsection (b)(1) is required only if the moving party can prove by "compelling evidence" that a reasonable person would be convinced the judge was biased in a way that may prevent a fair decision on the merits. *United States v. Balistrieri,* 779 F.2d 1191, 1201 (7th Cir. 1985); *see also Liteky v. United States,* 510 U.S. 540, 553–56 (1994) (defining bias as animus or malice of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes). The party seeking recusal carries a "substantial burden" of overcoming the presumption that a district court is free from bias. *United States v. Denton,* 434 F.3d 1104, 1111 (8thCir. 2006). Generally, in considering whether recusal is appropriate under § 455,

"the judge is free to make credibility determinations, assign to the evidence what he believes to be its proper weight, and to contradict the evidence with facts drawn from his own personal knowledge." *Balistrieri,* 779 F.2d at 1202. Although a court must recuse when the provisions of § 455 are implicated, it also has an obligation to hear all cases assigned to it when there is no legitimate reason to recuse. *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 428 F.3d 1175, 1179 (9thCir. 2005); (quoting *Nichols v. Alley,* 71 F.3d 347, 351 (10thCir. 1995); *see also United States v. Holland,* 519 F.3d 909, 912 (9th Cir. 2008).

## II. Analysis

### A. The Kelsos Present No Basis on Which The Undersigned Should Disqualify Himself.

Because the Kelsos move for this Court to disqualify itself from the consideration of whether Judge Holland should recuse or be disqualified, the Court will take up that matter first. Movants bear the burden of overcoming the presumption that the Court is impartial. *See Denton*, 434 F.3d at 1111. The only involvement this Court has in this case is to determine whether there is a basis on which Judge Holland should recuse or otherwise be disqualified. The Kelsos' first argument for disqualification of the undersigned is apparently based upon their reading of Judge Holland's referral order to this Court. The Kelsos apparently read the order as stating that this Court had already determined, without explanation, that there was no appearance of impropriety in Judge Holland continuing to preside over this case. The Kelsos thus state that this Court "has demonstrated abuse of discretion on the record with respect to providing an impartial and 'independent evaluation' as to whether or not senior judge Holland should be disqualified from the case." (Doc. 324 at 1.) This argument is premature.

This Court had yet to make such a determination, and only first does so in this order. In this order it sets forth its reasoning and case authority for concluding that there is no basis on which "a reasonable person with knowledge of all the facts would conclude Judge Holland's impartiality might reasonably be questioned." It, however, had not issued any

previous orders in this case, and, to the extent the Defendants understood otherwise, it was a misunderstanding. Further, to the extent the Kelsos attempt to preemptively assert that this Court's ruling demonstrates bias, judicial rulings are not a valid basis for a bias or partiality motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555. The undersigned does not do so here. Thus, the Kelsos provide no basis for reasonably questioning the impartiality of this Court. If the Kelsos believe this Court's ruling that Judge Holland is not required to disqualify is in error, they may seek to preserve the right to appeal the question to the Ninth Circuit, to the extent they may properly do so. But, for the reasons stated in *Liteky,* this Court's ruling on the question does not provide a basis for disqualification.

Second, the Kelsos apparently assert, based upon a general order of this Court that the undersigned has a personal bias against unrepresented litigants. That general order, executed in 2018 by the undersigned as the Chief Judge of this Court requires self-represented litigants to apply to the judge to whom their case is assigned prior to being issued subpoenas. (General Order 18-19.) Thus, in this district, self-represented litigants need to attach a copy of the proposed subpoena setting forth the name and address of the witness to be subpoenaed, and further state with particularity the reasons for seeking the testimony and documents, prior to obtaining the subpoena. This order—one of general applicability throughout the district—does not prevent self-represented litigants from obtaining appropriate subpoenas, but it does prevent self-represented litigants who may be unfamiliar with the limits set on obtaining discovery from third parties, from abusing the subpoena power of the Court by having subpoenas issued in blank to the self-represented litigant. To the extent that the Kelsos believe this district-wide order may be in violation of the federal rules of civil procedure or other statutory authority, they, of course, maintain the right to seek to have the rule overturned assuming that they appropriately raise and pursue the matter.

But, that does not mean that a local rule pertaining to self-represented litigants provides a basis to disqualify the undersigned, or all other members of this Court, as

reflecting bias, or an appearance of bias as to the merits of the various causes asserted by self-represented litigants. The general order applies to all judges of this court and to all self-represented litigants, and there is nothing in the order that would establish that the undersigned has a personal bias against the Kelsos by the compelling evidence standard required. *Balistrieri,* 779 F.2d at 1201; *see also Liteky,* 510 U.S. at 553–56 (defining bias as animus or malice of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes). The party seeking recusal carries a "substantial burden" of overcoming the presumption that a district court is free from bias. *Denton,* 434 F.3d at 1111. Nor would the order provide a basis for "a reasonable person with knowledge of all the facts" to "conclude the judge's impartiality might reasonably be questioned." After a review of the Kelsos' arguments and documents, this Court determines that they present no basis for its recusal or disqualification.

### B. None of the Other Motion Papers Provide a Basis on Which Judge Holland Should Disqualify Himself.

As Judge Holland's referral order notes, in Docket numbers 318, 319, and 322, Mr. Bigley purports to speak for a common law court of record, and makes substantive legal arguments that are not infrequently made by those who seek to challenge the authority of the United States to tax and the United States District Court for the District of Arizona, or its colleagues designated by the Ninth Circuit from the United States District Court for the District of Alaska to sit on this Court, to enforce such taxes.

In Docket 318, Mr. Bigley, or the Court for which he purports to speak, takes issue with Judge Holland's order (Doc. 310) not to enter default judgment against Suzy Taylor who is a non-party to the action. In the order Judge Holland explained that the Court entered judgment against all defendants on May 10, 2017 and that judgment was affirmed by the Ninth Circuit with that court issuing its mandate affirming the dismissal on May 6, 2019. (*See* Doc. 310.) Thereafter the Bigley Defendants sought to add Ms. Taylor as a counter-defendant to this case which, by then, according to Judge Holland's order, had long passed the point at which it was appropriate to add parties. He thus declined to enter default

against Ms. Taylor. Defendant Bigley, in Docket 318, suggests that this determination evinces pro-government bias and a lack of competence on the part of Judge Holland.

In Docket 319, Mr. Bigley filed what is docketed as an objection to the Court's Order (Doc. 317) denying what the Court had earlier treated as a motion for reconsideration. That motion, however, was also entitled by Mr. Bigley as a Writ of Error Quae Coram Nobis Residant; Orders to Restore; Order to Show Cause (Doc. 315). In that objection Mr. Bigley again raised the same points on the merits as those he raises in Docket 318. To the extent that any of the allegations could be considered to raise an appearance of impropriety, it would be, again, an allegation that Judge Holland's rulings indicate he has a pro-government bias and lack of suitability for the position he fills.

Docket 320, is brought by the Kelsos as a 60(b) motion as to Judge Holland's order docketed at 316. But, having lost a previous motion the Kelsos' move for Judge Holland to disqualify himself from the consideration of the motion, because "the record reflects" his "audacious partiality in favor of the Plaintiff . . ." and because he ignores the law, the Constitution and the holdings of the Supreme Court. (Doc. 320 at 1.)

As they relate to any assertion that Judge Holland should recuse himself for an appearance of impropriety, the documents filed at docket 318-320 all make a common complaint—that Judge Holland's rulings demonstrate that he has a pro-government bias. Nevertheless, motions brought pursuant to § 455 are subject to the extrajudicial source rule, meaning that the disqualifying bias or prejudice must generally stem from something other than a Judge's rulings in a case or the "information and beliefs" the judge "acquired while acting in his or her judicial capacity." *United States v. McTiernan,* 695 F.3d 882, 891 (9thCir. 2012) (quoting *United States v. Frias-Ramirez,* 670 F.2d 849, 853 n. 6 (9th Cir. 1982)); *accord United States v. Wilkerson,* 208 F.3d 794, 799 (9thCir. 2000) ("To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (internal quotation marks omitted)). Thus, a judge's adverse rulings during the course of proceedings in which disqualification is sought, or in related proceedings, do not constitute

a valid basis for the judge's disqualification under § 455. *See Liteky,* 510 U.S. at 555; *In re Marshall,* 721 F.3d 1032, 1043 (9thCir. 2013).

In Docket 322, filed as a third party declaration of claims (verified), the Bigleys apparently purport to file a claim against Judge Holland for compensatory and punitive damages for his role in the determination that they owed taxes to the United States and his role in the levying of the surplus proceeds from sale of the Kelso property held in the court registry. They do not file the document as a request to amend the complaint, but, in any event, no response has yet been filed and the Court has not ruled or otherwise responded to the motion. Nevertheless, it has been decided over and over again that a judge is not disqualified merely because a litigant before him sues or threatens to sue him. "Baseless personal . . . suits against the judge by a party . . . [or] attempt to intimidate the judge" will not suffice to trigger the Court's disqualification. *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 428 F.3d 1175, 1179 (9thCir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10thCir. 1995), *see also United States v. Grismore,* 564 F.2d 929, 933 (10thCir. 1977).

## CONCLUSION

In short, none of the Defendants filings relating to Judge Holland or purportedly seeking to bring a claim against him provide a basis for his disqualification or recusal.

**IT IS HEREBY ORDERED** that the Kelso Defendants' Motion for Disqualification of Chief Judge Murry Snow (Doc. 324) is denied.

**IT IS FURTHER ORDERED** that Kelso Defendants' 2nd Motion for Relief from Order (Doc. 320) is denied and this case is referred back to Judge Holland for ruling on the pending motions (Docs. 318, 319, 322) and (Doc. 325) recently filed.

Dated this 23rd day of October, 2019.

_____
G. Murray Snow
Chief United States District Judge